# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

TERRY BROWN
2344 Kemper Ln. #6754
Cincinnati, Ohio 45206

**1:23CV183**

Judge J. McFARLAND

Plaintiff

MAGISTRATE JUDGE BOWMAN

v.

**COMPLAINT/JURY DEMAND
AND INJUNCTION RELIEF**

STATE OF OHIO/
THE SUPREME COURT OF OHIO/
FORMER CHIEF JUSTICE MAUREEN O'CONNER
65 S. Front Street
Columbus, Ohio 43215

And

MARILYN ZAYAS, JUDGE
FIRST DISTRICT COURT OF APPEALS
230 E 9th Street 12th Fl
Cincinnati, Ohio 45202

And

BETH MYERS, JUDGE
FIRST DISTRICT COURT OF APPEALS
230 E 9th Street 12th Fl
Cincinnati, Ohio 45202

And

PIERRE BERGERON, JUDGE
FIRST DISTRICT COURT OF APPEALS
230 E 9th Street 12th Fl
Cincinnati, Ohio 45202

And

JUDGE ROBERT RUEHLMAN,
HAMILTON COUNTY COMMON PLEAS COURT
1000 Main Street Rm 300
Cincinnati, Ohio 45202

And

1

FORMER JUDGE ROBERT RUEHLMAN
72 Harrison Ave
North Bend. Ohio 45052

And

CHRISTIAN JENKINS, JUDGE
HAMILTON COUNTY COMMON PLEAS COURT
1000 Main Street Rm 360
CINCINNATI, OHIO 45202

And

HAMILTON COUNTY, OHIO &
Past & Present Chief Prosecutors Joseph Deters/Melissa Powers
HAMILTON COUNTY PROSECUTOR'S OFFICE
230 E 9th Street, Ste. 4000
Cincinnati, Ohio 45202

And

MARK MANNING And
CITY OF CINCINNATI
801 Plum Street-City Hall Room 214
Cincinnati, Ohio 45202

And

DAVID LAING And
CITY OF CINCINNATI
801 Plum Street-City Hall Room 214
Cincinnati, Ohio 45202

## **COMPLAINT AT LAW**

NOW COMES, PLAINTIFF TERRY BROWN, complaint state as follows:

## **NATURE OF THE CASE**

1.      This is a civil rights action challenging as unconstitutional the State of Ohio/The

Ohio Supreme Court/Chief Justice Maureen O'Conner, First District Court of Appeals Hamilton

County, Ohio Judges Marilyn Zayas, Judge Beth Myers, Judge Pierre Bergeron, Hamilton

2

County Common Pleas Court Judges Robert Ruelhman, Judge Christian Jenkins, Hamilton

County, Ohio-Hamilton County Prosecutor's Office- Joseph Deters/Melissa Powers, Chief

Prosecutors, Mark Manning, David Laing and City of Cincinnati. For purposely and personally

violated/violating Plaintiff's First, Fourth, & Fifth and Fourteenth Amendment Rights to the

United States Constitution for the following:

- Depriving/Discriminating/Violating Ohio Public Records Act Ohio Revised Code 149.43 to Avoid Plaintiff Terry Brown/The General Public Access To The **Complaint/Affidavit and Arrest & Search Warrants** suppose to be filed/public records in State of Ohio v Terry Brown-B1602390.

- Depriving/Discriminating/Punishing/Violating Due Process Rights as a Pro Se litigant/United States Citizen for filing Court Proceedings preserving rights to the First Amendment of the U.S. Constitution: for simply demanding [Public Records] from Court Judges, City/County Government – City of Cincinnati and Hamilton County, Ohio, Hamilton County Prosecutor's Office Refused to Comply with Mandated State Laws/the Public Records Act R. C. 149.43/ Higher Courts Mandated/Superior Court Order filed (November 25, 2020) in Terry Brown v. City of Cincinnati & (BMV) -A1900301-Appeals Court Case#C2000031 linked to case A1900301, Terry Brown v. City/Village of St. Bernard-Case #A2100407, State of Ohio ex rel. Terry Brown v. Judges of the First District Court of Appeals-2022-0895 and [all] other cases linked to the originated case State of Ohio v. Terry Brown-B1602390 the deprivation/discriminating/illegal conduct continues from **May 10, 2022 to the current date.**

- Continuing/Depriving/Violating- Race Discrimination in Court Cases/Proceedings that involves Plaintiff Terry Brown-State of Ohio v. Terry Brown-B1602390, former Hamilton County Common Pleas Court Judge Tracie Hunter (State of Ohio v. Tracie Hunter- Case #B14001100) and former City of Cincinnati Council Member Wendell Young (State of Ohio v Wendell Young-Case #B2101142) to the current date.

## **PARTIES**

3

2.        Plaintiff Terry Brown is an educated Paralegal - African-American man, He is a resident of the State of Ohio and Hamilton County.

3.        Defendant State of Ohio/The Supreme Court of Ohio/Chief Justice Maureen O'Conner is/was the duly elected Chief Justice of Ohio Supreme Court within a state division government, governs by the laws of the State of Ohio and U.S. Constitution. When all the above is Not (act out of the scope of her duties as a judge) complied. As the Chief Justice, she exercises final policymaking, authority establishing the final conducts, discipline and decisions for all Attorneys/Judges and Courts of State of Ohio and it is a "person", as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. Chief Justice O'Conner is sued in her individual/personal and official Capacity.

4.        Defendant Marilyn Zayas, is duly elected/employed as a Judge by the Hamilton County Court of Appeals First District of Ohio and governs by the laws of the State of Ohio and U.S. Constitution. When all the above is Not (act out of the scope of her duties as judge) complied. She is a "person" as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. Judge Zayas is sued in her individual/personal and official Capacity.

5.        Defendant Beth Myers, is/was duly elected as a Judge by the Hamilton County Court of Appeals First District of Ohio and governs by the laws of the State of Ohio and U.S. Constitution. When all the above is Not (act out of the scope of her duties as judge) complied. She is a "person" as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. Judge Meyers is sued in her individual/personal and official Capacity.

6.        Defendant Pierre Bergeron is duly elected as a Judge by the Hamilton County Court of Appeals First District of Ohio and governs by the laws of the State of Ohio and the U.S.

4

Constitution. When all the above is Not (act out of the scope of his duties as judge) complied. He is a "person" as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. Judge Bergeron is sued in his individual/personal and official Capacity.

7.        Defendant Robert Ruehlman, is/was elected as a Judge by the Hamilton County Court of Common Pleas and governs by the laws of the State of Ohio and U.S. Constitution. When all the above is Not (act out of the scope of his duties as judge) complied. He is a "person" as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. Judge Ruehlman is sued in his individual/personal and official Capacity.

8.        Defendant Christian Jenkins, elected as a Judge by the Hamilton County Court of Common Pleas and governs by the laws of the State of Ohio and U.S. Constitution. When all the above is Not (act out of the scope of his duties as judge) complied. He is a "person" as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. Judge Jenkins is sued in his individual/personal and official Capacity.

9.        Defendant Mark Manning, employed as a attorney by the City of Cincinnati and governs by the laws of the State of Ohio and U.S. Constitution. When all the above is Not (act out of the scope of his duties as an attorney/employee of the City of Cincinnati) complied. He is a "person" as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. Mark Manning is sued in his individual/personal and official Capacity.

10.        Defendant David Laing, employed as an attorney by the City of Cincinnati and governs by the laws of the State of Ohio and U.S. Constitution. When all the above is Not (act out of the scope of his duties as an attorney/employee of the City of Cincinnati) complied. He is a "person" as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. David Laing is sued in his individual/personal and official Capacity.

11. Defendant City of Cincinnati - is a governmental agency within a state division government, governs by the laws of the State of Ohio and the U.S. Constitution exercises final policymaking, authority establishing the final conducts, discipline and decisions for all employees including attorneys for the City of Cincinnati and it is a "person" as that term is defined in 42 U.S.C. § 1983. City of Cincinnati is sued in their individual/personal and official Capacity.

12. Defendants Joseph Deters, Former Chief Prosecutor & Present Chief Prosecutor, Melissa Powers employed by the Hamilton County Prosecutor's Office and Hamilton County, Ohio. they exercise final policymaking, authority establishing the final conducts, discipline and decisions for all employees of Hamilton County and it is a "person", as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. is they are sued in their individual/personal and official Capacity.

## JURISDICTION AND VENUE

13. This is an action for injunctive relief and civil damages brought pursuant to 42 U.S.C. § 1983 for deprivation under color of law of Plaintiff rights as secured under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

14. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

15. Venue is proper under 28 U.S.C. § 139(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims herein all occurred within this district.

16. ## FACTUAL ALLEGATIONS

Plaintiff has no other choice but to bring this action against these Defendants for [purposely] committing racial discrimination in court proceedings that clearly deprive Plaintiff (Pro Se Litigant) and the General Public, State, and Federal constitutional rights to public records. Specifically, from Plaintiff's [own] past criminal case **State of Ohio v. Terry Brown-B1602390 (Complaint Affidavit, Arrest/Search Warrants)**. Overall, these Defendants here, have demonstrated the same/similar unlawful/criminal conduct they accused former Hamilton County Common Pleas Court Judge Tracie Hunter, criminal cases *State of Ohio v. Tracie Hunter case #B14001100* and former City of Cincinnati Council Member/City of Cincinnati Police Sgt. (25 years Vet.) Wendell Young-*State of Ohio v Wendell Young-Case # B2101142*. When Plaintiff/Judge Tracie Hunter and Wendell Young were accused/convicted and exposed to local/national news media and spent time in jail. Where these Defendants here, have refused to even accept any [accountability] of their unlawful acts and continue to discriminate/cause harm against Plaintiff/Hunter/Young to this very day. These Defendants' conduct is getting out of control here in the City of Cincinnati, Ohio and Hamilton County. **These Defendants have sent a clear message that "white" high-ranking officials [are] treated differently than African American "black' citizens/high-ranking officials here in Cincinnati, Ohio/Hamilton Co.**

17.        **Since December 27, 2022,** State of Ohio Supreme Court/Justice Maureen O'Conner (last court entry) purposely deprived Plaintiff/general public rights to public records and specifically to Plaintiff's [own] past criminal case State of Ohio v. Terry Brown-B1602390 when Plaintiff filed before the State of Ohio Supreme Court in *State of Ohio ex rel Terry Brown v. Judges of the First District Court of Appeals- Case #2022-0895*. Due to the fact, Defendants *Judges Marilyn Zayas, Beth Myers and Pierre Bergeron of the Hamilton County First District Court of Appeals* [would not] force *Defendants Judge Robert Ruehlman & Judge Christian*

7

Jenkins, *Hamilton County Common Pleas Court* in cases *(Terry Brown v. City of Cincinnati -
A1900301 & State of Ohio v. Terry Brown-B1602390)*, *City of Cincinnati, Mark Manning and
David Laing to comply with their Mandated Court Order (Complaint Affidavit, Arrest/Search
Warrants) filed in Terry Brown v. City of Cincinnati case # C2000031 (linked to case A1900301-
State of Ohio v. Terry Brown-B1602390) filed since November 25, 2020, which is contrary to the
Ohio public records act*. **This is the same/similar unlawful/criminal conduct that former
City of Cincinnati Council Member Wendall Young was civilly sued/criminally
charged/convicted for refusing to comply/disclose/submit the public records *(obstruction of
official business)* property of the City of Cincinnati. And how former Hamilton County
Common Pleas Court Judge Tracie Hunter was civilly sued multi-times in her capacity as a
judge/finally accused criminally for backdating court documents to prevent
judgments/appeals from opposing parties' case/convicted of giving a file property of
Hamilton County to her brother to prevent him from being fired from his job.**

18.        In *State of Ohio ex rel Terry Brown v. Judges of the First District Court of
Appeals- Case #2022-0895*-Ohio Supreme Court/Maureen O'Conner granted Judges of the First
District Court of Appeals' motion to dismiss without an opinion on **October 19, 2022**. Plaintiff
filed a motion for reconsideration **October 20, 2022** based on the fact, former Hamilton County
Common Pleas Court *Judge Tracie Hunter was treated differently* whose race is African
American "Black" than Hamilton County Common Pleas Court *Judge Robert Ruehlman* whose
race is "White" in ***State ex rel. Cincinnati Enquirer v. Hunter, 138 Ohio St. 3d 51- Ohio
Supreme Court 2013.*** Especially, when both the Judges of the First District Court of Appeals
and Ohio Supreme Court/Maureen O'Conner held Judge Hunter in contempt of court and
threaten Hunter with a ($250.00 Fine & 30 days in jail) for disobeying a mandated/superior court

8

order. *First District Court of Appeals, totally [ignored] the issue of different treatment of Judge Hunter to Judge Ruehlman/Judge Christian Jenkins in their motion to dismiss in case #2022-0895.*

19. *Judges of the First District Court of Appeals- Case #2022-0895* claimed once they remand/filed a mandated/superior court order to the trial *(Judge Robert Ruehlman)* Court in Terry Brown v. City of Cincinnati- C2000031 (*trial court case Terry Brown v. City of Cincinnati-A1900301)* on November 25, 2020, they lack jurisdiction to take further actions against (Judge Robert Ruehlman) the trial court. The fact, Plaintiff raised the issue (*First District Court of Appeals)* that failing to force Judge Robert Ruehlman/Judge Christian Jenkins ,City of Cincinnati to comply with the mandated order of (November 25, 2020) which involves the (*Complaint Affidavit, Arrest/Search Warrants from (State of Ohio v. Terry Brown-B1602390*), it would still violate Plaintiff/General Public's rights to public records. The rights to public records issue was also [ignored] by *First District Court of Appeals- Case #2022-0895* before the Ohio Supreme Court/Maureen O'Conner. Again, in *State ex rel. Cincinnati Enquirer v. Hunter, 138 Ohio St. 3d 51- Ohio Supreme Court 2013*, *First District Court of Appeals nor Ohio Supreme Court/Maureen O'conner, never mentioned anything to Cincinnati Enquirer they (the Court) lack jurisdiction [to force] their mandated order to Judge Hunter.*

20. On **January 9, 2023** of this year, the deprivation/discrimination [continued] against the Plaintiff, when Plaintiff received an e-mail from the *First District Court of Appeals* that the **Third District Court of Appeals of Ohio,** reviewed/ruled on *Plaintiff's Writ of Mandamus (State of Ohio ex rel Terry Brown v. Judge Robert Ruehlman- Case #C2100427.* On January 9, 2023, Plaintiff filed a reply in case of C2100427, citing **[Plaintiff never received notice/served him]** from the First District Court of Appeals, Third District of Court of Appeals

9

nor Ohio Supreme Court/Maureen O'Conner that case C2100427 was being reviewed by another

District Court of Appeals. **(See Plaintiff's Exhibit(s) A Attached Hereto)**  The fact, First

District Court of Appeals (*Defendant Judge Pierre Bergeron)* had already rendered/filed his

decision in case **C2100427** on **October 15, 2021** and ordered that **Judge Robert Ruehlman's**

**August 3, 2021 orders** (in case A1900301) **are Not Final Appealable Orders.**   Due Judge

Ruehlman/City of Cincinnati [*refused to comply*] with (First District Court of Appeals)

November 25, 2020 mandated court order in Terry Brown v. City of Cincinnati C2000031.

21.        **Third District Court of Appeals** [only] ruled on Plaintiff's **motion for contempt**

against Judge Robert Ruehlman in case **C2100427.**   [Not] the [entire] original filed (Writ of

Mandamus) case (C2100427) **meant to** *force Judge Ruehlman/City of Cincinnati to comply*

*with the November 25, 2020 mandated/superior court order in filing the (Complaint Affidavit,*

*Arrest/Search Warrants-that is [Not] filed in State of Ohio v. Terry Brown-B1602390) in the*

*(First District Court of Appeals) case Terry Brown v. City of Cincinnati-C2000031*.    The fact,

Plaintiff filed his **motion for contempt** against Judge Ruehlman on **June 7, 2022 in case**

**C2100427.**    According to the **Third District Court of Appeals decision** (when Plaintiff

received on **January 9, 2023 by e-mail**) but was filed in case **C2100427** on **January 11, 2023.**

Third District Court of Appeals, claimed Plaintiff **could have filed an appeal in case C2100427**

denying his Motion For Contempt against Judge Ruehlman.  But the (*First District Court of*

*Appeals never ruled* on Plaintiff's motion for contempt against Judge Ruehlman in case

C2100427. **(See Plaintiff's Exhibit B Attached Hereto)**   Again, (First District Court of

Appeals) already ruled on case **C2100427** (October 15, 2021) and cited **Judge Robert**

**Ruehlman's August 3, 2021 orders** (in case A1900301) **are Not Final Appealable Orders.**

This proves Plaintiff did not have a remedy at law on Appeal on any of Judge Ruehlman/First

District Court of Appeals orders in cases A1900301/C2100427.    The Third District Court of
Appeals also deprived/discriminated against Plaintiff as well.

22.          According to the **Third District Court of Appeals** decision on **January 9, 2023**
(3) panel judges, cited their instructions/orders came from Ohio Supreme Court/Maureen
O'Conner to re-do/review case **C2100427 - _(State of Ohio ex rel Terry Brown v. Judge Robert_
_Ruehlman._**    Then the Third District Court of Appeals had the opportunity/legal rights to also
force Hamilton County Common Pleas Court Judge Robert Ruehlman/City of Cincinnati to
comply with the Mandated/Superior Court Order (_Terry Brown v. City of Cincinnati-C2000031-_
_Complaint Affidavit-Arrest/Search Warrants_) as Hamilton County Common Pleas Court Judge
Tracie Hunter was ordered/held in contempt to do so in **_State ex rel. Cincinnati Enquirer v._**
**_Hunter, 138 Ohio St. 3d 51- Ohio Supreme Court 2013_**.  But that never happened at all.  This
proves the Third District Court of Appeals was only used to further discriminate against Plaintiff
of his rights to public records.   Which caused mental cruelty/emotional distress against Plaintiff.

23.          This is why the **Third District Court of Appeals** [only] ruled on Plaintiff's motion
for contempt in case **(C2100427)** mention above, to avoid forcing Judge Robert Ruehlman/City
of Cincinnati-Mark Manning/David Laing to comply with the _mandated/superior court order_
_(November 25, 2020-Case Terry Brown v. City of Cincinnati-C2000031)._   This [continued] to
deprived/discriminated against Plaintiff of his First, Fourth, Fifth, and Fourteenth Amendment
Rights to the United States Constitution of due process/race/rights to public records of the Ohio
Public Records Act R. C. 149.43.   This also proves Plaintiff has [continued] to be **[Punished]**
**by the judicial system** for filing/preserving his rights by law as a Pro Se litigant/preventing a
judgment in Plaintiff's favor in court cases/proceedings knowing court rulings are [not]
legitimate or pattern of Sham Litigation violations.  **Due it would be any reason; the First**

**District Court of Appeals/Ohio Supreme Court/Maureen O'Conner would even order another District Court of Appeals to re-do/review a case the First District Court of Appeals had already reviewed/ruled on.**   Again, the fact, the Third District Court of Appeals, refused to force the Ohio Public Records Act and the First District Court of Appeals November 25, 2020 mandated/superior court order against Judge Ruehlman/City of Cincinnati, definitely gives weight to Plaintiff's complaint here should be granted on that issue alone.

They definitely sent Plaintiff a message that 'white' judges here in Cincinnati, Ohio/Hamilton County are treated differently than "black" African Americans/Judges/Politicians here.

24.         The **Third District Court of Appeals** knew as well, the First District Court of Appeals (_Defendant Judge Pierre Bergeron_ (case **C2100427**) had already ruled/ordered Judge Robert Ruehlman's **[August 3, 2021]** orders in case (A1900301) **are [Not] Final Appealable Orders**.  This proves, Plaintiff could not file an appeal toward any of Judge Robert Ruehlman's orders in case A1900301.   And also knew in advance in the same case **C2100427** Plaintiff argued the issue of Ohio Public Records Act repeatedly of his/general public's rights (Complaint Affidavit/Arrest/Search Warrants) to public records.

25.         Judge Pierre Bergeron- _First District Court of Appeals,_ also the Judge who wrote the opinion in the appeals court case C2000031 (_**Terry Brown v. City of Cincinnati**_) along with appellate court judges _Beth Meyers_ and _Candace Crouse_ that City of Cincinnati are to file [evidence] _(Complaint Affidavit- Arrest/Search Warrants)_ to support their motion for summary judgment against Plaintiff in case A1900301.   For the purpose, the City was acting/probable cause (State of Ohio v. Terry Brown-B1602390) in a governmental function when arresting/searching/seizure of Plaintiff and his property at his home on May 4, 2016.

26.    With all the above claimed/stated within, this totally contradicts and proves *Judges of the First District Court of Appeals- [motion to dismiss] in Case #2022-0895 filed before the Ohio Supreme Court/Maureen O'Connor* purposely deprived/discriminated against Plaintiff/Judge Tracie Hunter rights to due process in criminal and civil court cases/ proceedings/race/public records *(Complaint Affidavit- Arrest/Search Warrants)* when they both [refused] to force Judge Robert Ruehlman/ City of Cincinnati-Mark Manning/David Leing and Hamilton County Prosecutor's Office- Joseph Deters/Judge Christian Jenkins (in cases *State of Ohio v. Terry Brown-B1602390-Terry Brown v. City of Cincinnati-A1900301/City/Village of St. Bernard –* A2100407 to simply file the *(Complaint Affidavit- Arrest/Search Warrants)* in those cases which is contrary to the Ohio Public Records Act 149.43.

27.    Judges of the First District Court of Appeals- Case #2022-0895 and Ohio Supreme Court/Maureen O'Connor, motion to dismiss/entry granting that motion was/is a mere unlawful act politically/racially due they all knew exactly what the law/would give a clear message of race discrimination and Ohio Public Records Act 149.43 violated. And knew Defendant Judge Robert Ruehlman's race is "white" and committed the same/similar conduct as former Judge Tracie Hunter whose race is 'black" African American. When Judge Ruehlman refused to comply/obey a Mandated/Superior Court Order, (C2000031) that would have allowed Plaintiff to sufficiently litigate State/Federal *(Terry Brown v. Hamilton County, Ohio-1:19CV969)* court actions and the General Public *(Complaint Affidavit & Arrest/Search Warrants)* access to public records to review themselves the actual official legal cause why Plaintiff was charged/arrested/search/seized of property from Plaintiff's home for a crime of terrorism. In the case of State of Ohio v. Terry Brown-B1602390.

13

28.        The fact, former City of Cincinnati Council Member/Cincinnati Police Sgt. 25

years Vet. **Wendell Young** wasn't allowed any immunities as a government employee/high-

ranking public official to vacate any civil/criminal conduct whose race is "black". Matter of

fact, it was ***Defendant Judge Robert Ruehlman* presided** over Young's civil/criminal cases

*State of Ohio v Wendell Young-Case # B2101142,* and had the audacity in a live local News- TV

broadcast inside Ruehlman's courtroom wanting Young to say sorry to the public for refusing to

disclose (Obstruction of Official Business) public records that belong to the City of Cincinnati on

**December 1, 2021**. But here, Judge Ruehlman knew in advance before exposing/sentenced

Wendell Young on December 1, 2021, on **August 3, 2021** in *Terry Brown v. City of Cincinnati-*

*A1900301* committed worse than Young, by using his judicial influence for lawyers/employees

Mark Manning, David Laing/City of Cincinnati and Hamilton County Prosecutor's Office-

Joseph Deters, allowing them to [continue] **[from May 10, 2022 to current date]** [Not] to filed

the public records *(State of Ohio v. Terry Brown-B1602390*) nor comply/obey the Mandated-

Superior Court Order in case #C2000031 *(Complaint Affidavit/Arrest/Search Warrants*) which

contrary to Ohio Public Records Act for Plaintiff/general public to have access. This proves,

Judge Ruehlman purposely committed race discrimination against Plaintiff and Wendell Young

altogether. This means Judge Ruehlman was to dismiss Wendell Young's criminal case #

*B2101142* knowing Ruehlman had already committed the same/similar unlawful/criminal

offense Wendell Young (Obstruction of Official Business) was charged/convicted of.

29.        Plaintiff repeatedly in *State of Ohio ex rel Terry Brown v. Judges of the First*

*District Court of Appeals- Case #2022-0895* reminded Defendants *State of Ohio Supreme Court*

*/Maureen O'Connor* on how O'Conner/Ohio Supreme Court and First District Court of Appeals,

Hamilton County, Ohio held former Hamilton County Common Pleas Court Judge Tracie Hunter

14

-in ***State ex rel. Cincinnati Enquirer v. Hunter, 138 Ohio St. 3d 51- Ohio Supreme Court 2013***
in contempt of court for disobeying a [Mandated/Superior Court Order] whose race is Black. In
fact, HCPO even mentioned and used evidence from Judge Hunter's criminal case admitted in
Plaintiff's past criminal case B1602390 where still found Not Guilty.   In *State of Ohio ex rel*
*Terry Brown v. Judges of the First District Court of Appeals- Case #2022-0895*   Plaintiff even
cited:

*"this leaves a manifest of injustice, expression to the public and/or other opposing litigants that*
*Trial Courts in Hamilton County do not  have to comply nor obey a "Mandated/Superior Court*
*Order".   It will also leave an expression that [selective] trial court judges do not have to*
*comply/obey with a "Mandated/Superior Court Orders" by Respondents Judges of The First*
*District Court Of Appeals"*

 The fact, Maureen O'Connor adopted the First District Court of Appeals' order cited Judge
Tracie Hunter was held in contempt and if still refused to comply with a ($250 fine & 30 days in
jail) But here, Defendants *State of Ohio Supreme Court /Maureen O'Connor* [ignored the law]
and their [own] orders giving to Judge Hunter in ***State ex rel. Cincinnati Enquirer v. Hunter***  a
clear message that *Judge Robert Ruehlman* whose race is "white' [will not] and don't have to
comply with a "Mandated/Superior Court Order.    This is proven by Ohio Supreme
Court/Maureen O'Conner purposely deprived/discriminated against Plaintiff and now former
Judge Tracie Hunter who race is African American "black".   Judge Hunter was also denied any
immunities as a judge in her official capacity of the same unlawful conduct by these Defendants
here.   ***This means, Defendants here, should not be protected with any immunities as well***.

30.              Defendants Mark Manning/David Laing, City of Cincinnati and even Hamilton
County Prosecutor's Office-Joe Deters draft their [own] judgment entries in their own [favor]
then had Judge Ruehlman sign/filed to the record on **August 3, 2021** in case A1900301.  In both
of **August 3, 2021**, filed court entries, City & Hamilton County Prosecutor's Office (HCPO) still

15

refused to mention/comply with the November 25, 2020, Mandated Court Order. Defendants Judge Robert Ruehlman, City of Cincinnati-Mark Manning, David Laing and Hamilton County Prosecutor's Office-Joseph Deters also knew in advance that former City of Cincinnati Council Member Wendell Young's civil/criminal cases for not disclosing/submitting public records the property of the City of Cincinnati to the public was/is unlawful and how Wendell Young was not protected under any immunities from his alleged conduct.

31.        Plaintiff filed a *Writ of Mandamus in State of Ohio ex rel Terry Brown v. Judge Robert Ruehlman/City of Cincinnati-Case # C2200427, (First District Court of Appeals)* on the issue to force Judge Ruehlman/City of Cincinnati- to comply with the November 25, 2020 Mandated/Superior Court Order as they forced former Judge Tracie Hunter in *State ex rel. Cincinnati Enquirer v. Hunter, 138 Ohio St. 3d 51- Ohio Supreme Court 2013*.   But Defendant Judge Pierre Bergeron *(who was/is one of the panel judges who wrote the decision/the November 25, 2020, order in case C2000031)* denied the Writ (**C2200427**) but also cited Defendant Robert Ruehlman's **August 3, 2021 orders** are *[not] Final Appealable Orders* and still without forcing their November 25, 2020 mandated/superior court order.

32.        This is when judge Ruehlman, City of Cincinnati-Mark Manning and David Laing took full advantage and had the audacity to file motions against Plaintiff (in A1900301) to have Judge Ruehlman to force Plaintiff to illegally say he received the *complaint/affidavit and Arrest/Search Warrants* and it's Plaintiff's burden to file them in cases A1900301/B1602390 to support the City's motion for summary judgment filed since February 1, 2019.  Reasonable minds know moving party files a motion they are to support their [own] motion. When Plaintiff, filed his Oppositions/Replies demanding **Plaintiff will not participate in any "Sham Litigation" Fraudulent litigation** due Plaintiff never] received any *Complaint Affidavit nor*

_Arrest/Search Warrants_ specifically on May 4, 2016. This is when, Judge Ruehlman, started filing several entries against Plaintiff from **March 10, 2022 to June 2, 2022,** cited Plaintiff failed to prosecute his case (A1900301) and all claims against City of Cincinnati are dismissed.

33.        Judge Ruehlman/Mark Manning & David Laing-City of Cincinnati knew in advance they still refused to comply/obey the Mandated/Superior Court Order (_Complaint Affidavit and Arrest/Search Warrants_) of **November 25, 2020** (_First District Court of Appeals_) in case #C2000031). To support their [own] motion for summary judgment that they were acting in a governmental function-probable cause regarding State of Ohio v. Terry Brown -B1602390. Judge Robert Ruehlman/Mark Manning & David Laing-City of Cincinnati also knows this and knew in advance their **August 3, 2021** entries were/is [Not] a Final Appealable Orders according to (_First District Court of Appeals case C2100427 order_).

34.        This is when Plaintiff filed an [Appeal] against Judge Ruehlman's March 10, 2022 entry (_First District Court of Appeals_)- _Terry Brown v. City of Cincinnati-C2200127_) which the _First District Court of Appeals_- [confirmed] that Judge Ruehlman's **August 3, 2021 entries** in (A1900301) are [Not] final appealable orders and does not have jurisdiction. This makes Judge Ruehlman's orders **March 10, 2022, May 10, 2022 to June 2, 2022** also [Not] final appealable orders as well, due the original August 3, 2021 orders does not even mention the mandated/superior court order (C2000031). This still makes case A1900301 pending to this day. And proven currently Judge Robert Ruehlman/Mark Manning & David Laing-City of Cincinnati is depriving/discriminating against Plaintiff in filing the public records (_Complaint Affidavit & Arrest/Search Warrants_) in cases B1602390/A1900301 for any public citizen to obtain a copy according to Ohio Public Records Act 149.43. With their conduct, Ruehlman, Manning and Laing committed the same criminal conduct as Wendell Young.

17

35.        This also makes clear, Judge Robert Ruehlman/Mark Manning & David Laing-City

of Cincinnati's purpose/refusal to [Not] file those public records due they know Plaintiff already

filed his *Federal Civil Rights Law Suit in Terry Brown v. Hamilton County, Ohio 1: 19 CV969*

against the City/Hamilton County.   *(See Plaintiff's Exhibit C Plaintiff's Appeal/First District*

*Court of Appeals Confirmed April 6, 2022 Judge Robert Ruehlman's August 3, 2021 Entries*

*Are [Not] Final/Appealable Orders Attached Hereto)*

36.        Defendant Judge Christian Jenkins also deprived/discriminated against Plaintiff

of the same cause, due *Judge Jenkins now presides over State of Ohio v. Terry Brown-B1602390.*

Plaintiff filed a Writ of Mandamus against Judge Jenkins *(First District Court of Appeals- State*

*of Ohio ex rel Terry Brown v Judge Christian Jenkins C2200044)* for his role in refusing to

force City of Cincinnati and (HCPO)-Joseph Deters to comply with Ohio Public Records Act

149.43 in filing the *(Complaint Affidavit and Arrest/Search Warrants)* in case State of Ohio v.

Terry Brown- B1602390 for Plaintiff/General Public access.

37.        Judge Christian Jenkins, also presides over Plaintiff's pending civil case Terry

Brown v. City/Village of St. Bernard-case #A2100407 which that case is directly linked to cases

B1602390/A1900301.  Due it was Mark Manning-City of Cincinnati forwarded documents to

Plaintiff in case A1900301, that St. Bernard Police and other Defendants Shaffer's

Towing/Miamitown Auto Recycling (A2100407) are the ones who stole Plaintiff's car (Mazda

Millenia) then held it for two and half years then had Plaintiff's car "Crushed" depose of.   The

fact, City of St. Bernard-Police *(a township within City of Cincinnati, Ohio)* and Shaffer's

Towing/Miamitown filed pleadings/admitted in discovery that Shaffer's Towing transferred the

Mazda's title out of Plaintiff's name (Terry Brown) to their name (Shaffer's Towing) as the

owner of Plaintiff's Mazda Millenia nearly two years prior.

18

38.         City of St. Bernard/Shaffer's Towing also admitted in pleadings/discovery

(A2100407) ***City of Cincinnati-Police were involved (Matthew Martin-Intel Unit/*** knew since

July 24, 2016 and November 26, 2019, Plaintiff's Mazda Millenia was held by (Shaffer's

Towing). Plaintiff had [any] knowledge until nearly two years after around (February 1, 2020)

his release from jail *(Found Not Guilty in case State of Ohio v. Terry Brown # B1602390 on*

*(November 15, 2018)*, that his car was actually stolen/crushed.      City/Village of St. Bernard,

settled all Plaintiff's claims against them due *(Dereliction of Duty Ohio R. C. 2921.44)*.  Judge

Jenkins, cases (B1602390/A2100407) openly has allowed himself to be complicit in violating

Plaintiff's civil rights by the State of Ohio/U.S. Constitution and complicit to criminal conduct

from Shaffer's Towing/Miamitown illegally changed Plaintiff's car Mazda Millenia car title out

of Plaintiff's name in their name knowing the Mazda was stolen originally.   Shaffer's

Towing/Miami-counsel also took full advantage of Jenkins's conduct against Plaintiff and had

the audacity to file a counter-claim in the amount of $13,297.00 against Plaintiff for storage fees,

just to (intimidate) (strong-arm) due to Plaintiff refusing their low settlement offer of $200.

Shaffer's Towing to this date refused to file evidence/comply with discovery disclose to the

public proving a $13,297.00 fee is owed them. This is also a mandatory law contrary to Ohio

Public Records Act R.C 149.43. Judge Jenkins, is fully aware in case (A2100407) before him,

Shaffer's Towing/Miamitown actions/committed a criminal law violation pursuant to:

## Ohio R. C. 4505.19 - Prohibited acts involving certificates of title

   (A) No person shall do any of the following:

(1) **Procure or attempt to procure a certificate of title or a salvage certificate** of title or
assignment form as prescribed by the registrar of motor vehicles for a motor vehicle, or pass or
attempt to pass a certificate of title, a salvage certificate of title, an assignment form, or **any**
assignment of a **certificate of title or salvage certificate of title or assignment** form for a
motor vehicle, or in any other manner gain or attempt to gain ownership to a motor vehicle,
**knowing or having reason to believe that the motor vehicle or any part of the motor vehicle**

**has been acquired through commission of a theft offense** as defined in section 2913.01 of the Revised Code

(B) **Whoever violates this section** shall be fined **not more than five thousand dollars** or **imprisoned in the county jail** not less than six months nor more than one year, or both, or in a **state correctional institution** not less than **one year** **nor more than five years**

39.        Judge Christian Jenkins, knew all the above before/after Plaintiff filed a Writ of

Mandamus against him, *(First District Court of Appeals- {State of Ohio ex rel Terry Brown v*

*Judge Christian Jenkins C2200044}* but Jenkins still allowed City of Cincinnati/(HCPO)

/Shaffer's Towing/Miamitown to purposely deprive/discriminate against Plaintiff of his

race/rights to due process in court proceedings/public records as a mandated law pursuant to

Ohio Public Records Act 149.43.   Jenkins also knew/knows Plaintiff had filed a *Federal Civil*

*Rights Suit in Terry Brown v. Hamilton County, Ohio, 1:19 CV969* against the City of

Cincinnati/(HCPO) and Judge Patrick Dinkelacker, the original judge who presided in case *State*

*of Ohio v. Terry Brown- B1602390.*

40.        Judge Jenkins also used his influence to delay/not allow those public records in

cases B1602390/A2100407 which is the [same] conduct the former City of Cincinnati Council

Member Wendell Young was accused of, charged civilly/criminally for not disclosing public

records.  This violates the Plaintiffs' and Wendell Youngs' First, Fourth, Fifth and Fourteenth

Amendments Rights to United States Constitution.

41.        Judge Jenkins, filed a motion to dismiss (C2200044) which *(Hamilton County*

*Prosecutor's Office(HCPO)-Joseph Deters*) represented Jenkins disputing the *(Complaint*

*Affidavit and Arrest/Search Warrants)* filed in B1602390.  But Jenkins/City of Cincinnati

/HCPO never once filed any evidence *(Complaint Affidavit and Arrest/Search Warrants)* to their

motion to dismiss proving/showing that the *(Complaint Affidavit and Arrest/Search Warrants)*

are or will be filed in case B1602390.   The fact, in case *Terry Brown v. City of Cincinnati-*

*A1900030*1, the *City-Mark Manning/David Laing* already litigated the (*Complaint Affidavit and Arrest/Search Warrants)* **[are not]** filed in B1602390. This totally contradicts Judge Jenkins and (HCPO) motion to dismiss before the *First District Court of Appeals (C2200044)*.

42.          The fact, in case A1900301, Plaintiff had already filed a subpoena on Joseph Deters-(HCPO)/Mark Manning-City of Cincinnati to testify and/or file the (*Complaint Affidavit and Arrest/Search Warrants)* before/at a hearing before Judge Robert Ruehlman.     But Joseph Deters/Mark Manning refused to appear but instead had *McKinley Brown (MB)-Chief Investigator-Hamilton County Prosecutor's Office (HCPO)* filed a sworn affidavit (in A1900301) around March 29, 2021 claiming he (MB)/(HCPO) did not have any knowledge/involved in the arrest/criminal charges with the City of Cincinnati-Police in (State of Ohio v. Terry Brown-B1602390).   *The fact, Cincinnati Police Officer Matthew Martin in case (B1602390) testified since November 1, 2018, second trial the City of Cincinnati-Police never brought the case State of Ohio v. Terry Brown-B1602390) to the Grand Jury*.  This also contradicts the indictment filed against Plaintiff in B1602390 by (HCPO) as being a non-official/fake court document to the public.

43.          On **January 20, 2023** Plaintiff filed a Affidavit of Disqualification against Judge Christian Jenkins with the Ohio Supreme Court newly elected *Chief Justice Sharon Kennedy*, regarding the civil case *Terry Brown v. City/Village of St. Bernard/Schaffer's Towing/ Miamitown Auto Parts & Recycling-case A2100407 and State of Ohio v. Terry Brown-B1602390.*  Plaintiff attached e-mails/other exhibits to his Affidavit of Disqualification from Defendants Schaffer's Towing/Miamitown that Judge Jenkins requested during a case management conference on **November 22, 2022** to be forwarded/sent to Jenkins. Due Shaffer's Towing/Miamitown Attorney claimed he/they complied with "discovery" by forwarding exhibits

showing Plaintiff owes them $13, 297.00. But those e-mails sent to Judge Jenkins (through his law clerk) on November 22, 2022 clearly show Schaffer's Towing/Miamitown Attorneys they are not sending Plaintiff anything (*discovery exhibits of the $13,297.00 counterclaim*). And instructed Plaintiff would have to wait until trial to review their counterclaim documents. Other words, they are going to admit Fraudulent Documents to the Jury for verdict in Shaffer's Towing/Miami favor.

44.          In the same **January 20, 2023**, Affidavit of Disqualification against Judge Jenkins Plaintiff clearly cited his rights to public records (***Complaint Affidavit, Arrest/Search Warrants/$13,297.00 counter-claim***) pursuant to Ohio Public Records Act 149.43. Plaintiff clearly typed in (bold) letters of that right on **page 7/last paragraph of the Affidavit**. But Judge Jenkins responded and told Ohio Supreme Court/Justice Sharon Kennedy, specifically instructed (*thought the Affidavit Would Be Automatically Denied*) due to Plaintiff is representing Pro Se. Jenkins never mentioned Ohio Public Records Act 149.43 and Jenkins language gave there wasn't any "discovery" nor Schaffer's Towing/Miami e-mails to Jenkins never existed on November 22, 2022. Jenkins, even mentioned how Plaintiff filed a Writ case (C2200044) against him that was denied by the [First District Court of Appeals] on **July 18, 2022** still deprived/discriminated against Plaintiff's due process rights in court proceedings/Ohio Public Records Act 149.43 regarding the (***Complaint Affidavit, Arrest/Search Warrants/$13,297.00 documents*** in cases B1602390 /A2100407. (***See Plaintiff's Exhibit D Attached Hereto the Affidavit of Disqualification Proceeding***)

45.          In Judge Jenkins' response to Plaintiff's Affidavit of Disqualification also instructed Ohio Supreme Court/Justice Sharon Kennedy to review Plaintiff's other cases that Hamilton County Common Pleas Court Judge Robert Ruehlman (*Terry Brown v. City of*

*Cincinnati-A1900301*) presides over. It was clear, Judge Jenkins [reminded] Ohio Supreme

Court/Sharon Kennedy to be biased/Punish Plaintiff, by reviewing case A1900301 regarding

Judge Robert Ruehlman. Knowing in that case (A1900301), Plaintiff was demanding Judge

Ruehlman/City of Cincinnati/HCPO to comply with the mandated/superior court order of

November 25, 2020, the [First District Court of Appeals] *(Terry Brown v. City of Cincinnati-*

*C2000031)* ordered City of Cincinnati/Judge Ruehlman to file evidence (*Complaint Affidavit,*

*Arrest/Search Warrants*). Respectfully, the Ohio Supreme Court/Justice Sharon Kennedy

disregarded Ohio Public Records Act R.C. 149.43 as well, just to continue depriving

/discriminating Plaintiff's due process rights in court proceedings [not] allowing Judge Jenkins

and Judge Ruehlman to comply with mandated/superior court orders/Ohio Public Records Act as

former Judge Tracie Hunter was ordered to do here in Cincinnati, Ohio/Hamilton County, Ohio.

46.        Jenkins even set a court trial date and want Plaintiff to wait until trial to allow

Shaffer's Towing to admit [fraudulent] evidence to the Jury regarding the $13,297.00 counter-

claim for a judgment in their favor. Jenkins to this date never filed an entry of sanctions against

Schaffer's Towing/Miamitown for lying on November 22, 2022. *But Plaintiff/former Judge*

*Tracie Hunter and former councilmember Wendell Young were accused/charged criminally, and*

*Plaintiff/Judge Hunter spent time in jail (two and half years for Plaintiff) and (3 months for*

*Judge Hunter).* This definitely shows an act of race discrimination where all Defendants here

race is "white" and/or non-African American.

47.        Back to (First District Court of Appeals Judges), in the case, ***State ex rel Terry***

***Brown v. Judge Christian Jenkins-C2200044,*** Plaintiff mentioned all the above specifically the

issue of Public Records Act from the case (*A2100407/B1602390*) (*Complaint Affidavit,*

*Arrest/Search Warrants/$13,297.00)* that Judge Jenkins now presides over. But *Defendant*

_Marilyn Zayas_ denied the Writ against Jenkins of the hearsay Statements from Hamilton County Prosecutor's Office,(HCPO). When Plaintiff filed a motion for reconsideration on **May 24, 2022** (C2200044) reminded Judge Zayas (HCPO)/Judge Jenkins never once filed the _(Complaint Affidavit, Arrest/Search Warrants_) along with their motion to dismiss in case (**C2200044**) to prove those public records are filed in cases B1602390/A2100407. And Plaintiff requested the Court (First District Court of Appeals/Judge Zayas, to ensure copies of the _(Complaint Affidavit, Arrest/Search Warrants_) are actually filed in all cases linked/including in case B1602390 _(all Hamilton County Judges have Access To All Cases_) to file those public records in case B1602390. But <u>Defendant Judge Zayas</u> filed a final entry on **July 18, 2022** still refused to file those public records (_Complaint Affidavit, Arrest/Search Warrants_) in case C2200044 nor _State of Ohio v. Terry Brown-B1602390_.

48.       Judge Zayas, also purposely deprived and discriminated against Plaintiff of his race/due process rights in court proceedings and rights to public records that violated the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. With Judge Zayas's conduct against Plaintiff [all] Defendants in cases A1900301 and A2100407 took total advantage and knew _(First District Court Appeals) Judges Pierre Bergeron, Marilyn Zayas, Beth Myers_ wasn't going to force them to comply with the November 25, 2020, Mandated/Superior Court Order to allow them [not] to file the public records of (_Complaint Affidavit, Arrest/Search Warrants_) (_Bureau of motor vehicle (BMV) duplicate driver's license records) (counter-claim of $13,297.00 records) in cases B1602392/A1900301/A2100407._

49.       _First District Court Appeals Judges Pierre Bergeron, Marilyn Zayas, Beth Myers_ also knew Plaintiff had already filed his Federal Civil Rights Suit _(Terry Brown v. Hamilton County, Ohio 1:19 CV969)_ against _Judge Robert Winkler who is currently an Appeals Court_

_Judge_ also within the _First District Court Appeals here in Cincinnati, Ohio/Hamilton County._
And knew Judge Winkler was the first original judge presided over _State of Ohio v. Terry_
_Brown-B1602390_ as a Hamilton County Common Pleas Court Judge. They too, used their
influence to deprive/discriminate on behalf of any conduct from Judge Winkler, rather
civilly/criminally, and knew if they allowed the public records (if any) (_Complaint Affidavit-_
_Arrest/Search Warrants)_ disclose to the public or Federal Court Case/Judges it would increase
likely in Plaintiff's favor. Their motive was/is to prevent negative results in the State court
cases (_B1602390/A1900301/A2100407/C2100427/C2200127/C2200044/C2200182_) including
the Federal Civil Rights Case Terry Brown v. Hamilton County, Ohio (_1:19 CV969)_ against
them just for an unlawful decision against Plaintiff.

50.              This was/is the purpose Plaintiff filed his Writ of Mandamus in _**State of Ohio ex**_
_**rel  Terry Brown v. Judges of the First District Court of Appeals- Case #2022-0895**_ before the
State of Ohio Supreme Court/Maureen O'Conner, thinking that Court would [Stop] these
Defendants here, depriving/discriminating against Plaintiff and the General Public rights to
public records in _State of Ohio v. Terry Brown-B1602390/A1900301/A2100407._ And
specifically, force Judge Robert Ruehlman/City of Cincinnati/(HCPO) in case _Terry Brown v._
_City of Cincinnati-A1900301_ to comply with the Mandated/Superior Court Order ( November
25, 2020 _in case C2000031-First District Court of Appeals_) as they previously forced former
Hamilton County Common Pleas Court Judge Tracie Hunter in _**State ex rel. Cincinnati**_
_**Enquirer v. Hunter, 138 Ohio St. 3d 51- Ohio Supreme Court 2013**_.   But that never happened.
Ohio Supreme Court/Maureen O' Conner knew it would damage Defendants reputation and
wanted personally/purposely aid Defendants here politically due Judge Marilyn Zayas, Robert
Winkler and Patrick Dinkelacker were up for election in November (2022) for judgeships in the

Ohio Supreme Court/First District of Appeals and Common Pleas Court here in Cincinnati, Ohio/Hamilton County. This violated Plaintiff/former Judge Tracie Hunter/former councilmember Wendell Young's First, Fourth, Fifth and Fourteenth Amendments Right to the State of Ohio/U.S. Constitutions.

51. Ohio Supreme Court/Maureen O'Conner knew in all Plaintiff's pleadings in *State of Ohio ex rel Terry Brown v. Judges of the First District Court of Appeals- Case #2022-0895* Plaintiff repeatedly raised the issue of his/the general public rights to public records contrary to Ohio Public Records Act 149.43/clarify that City of Cincinnati/Hamilton County Prosecutor's Office had probable cause for an arrest/search/seizure of Plaintiff and his property at his home in State of Ohio v. Terry Brown-B1602390. But once those Defendants realized Judge Winkler was a party to Plaintiff's other civil rights case they immediately deprived/discriminated against Plaintiff. Which Judge Robert Ruehlman/City of Cincinnati-Mark Manning/David Laing/Judge Christian Jenkins and obviously now the First District Court of Appeals Judges Bergeron, Myers & Marilyn Zayas purposely refused to comply with their own order. Joseph Deters, now former chief prosecutor (HCPO) was considered to be appointed to the Ohio Supreme Court, this past January 2023. This also plays a part in the [continued] political move for Deters and how Defendants/parties mention within worked so hard to deprive/discriminate and Punished against Plaintiff for their [own] personal gain outside of their judicial/professional capacities as public employees/elected officials within City/County/State government. *Their actions still violated Plaintiff/former Judge Tracie Hunter/former councilmember Wendell Young's First, Fourth, Fifth and Fourteenth Amendments Rights of the State of Ohio/U.S. Constitutions.*

## CAUSE OF ACTION

### COUNT I

**42 U.S.C. § 1983: Violation of Free Speech/Expression Rights To File Request For Public Records- First and Fourteenth Amendments**

52.        Plaintiff re-allege each of the factual allegations set forth above

53.        Filing/Requesting civil or criminal records against government officials and public servants/events without interfering with those duties, as Plaintiff did here, is a form of free speech through which private citizens may gather and disseminate information of public concern, and that speech is protected by the First, and Fourteenth Amendment to the United States Constitution.

54.        By creating a pattern of deprivation and discrimination in court proceedings just to purposely enhance the white race government officials' political persona/representation to treat African American citizens and black race government officials' persona/representation differently as described of the factual allegations set forth above.   Defendants violated Plaintiff's, former Judge Tracie Hunter and former City of Cincinnati Council Member & Cincinnati Police Sgt./ 25 year Vet. Wendell Young's rights to be free of expression and rights as otherwise protected by the First and Fourteenth Amendments to the United States Constitution. These rights were clearly established at the time these deprivations occurred past and present events.

55.        As a direct and proximate result of Defendant's conduct as described above Plaintiff has suffered damages including emotional trauma, distress, humiliation, and the loss of professional/public reputation knowing these Defendants purposely acted out of the scope of their duties/official capacities to deprive/discriminate Plaintiff's due process rights and Ohio Public Records Act for their personal gain.   Damages of each in an amount to be determined by the court/trial.

**COUNT II**

## 42 U.S.C. § 1983: Violation The Right To Due Process of Law In Court Proceedings (Fifth and Fourteenth Amendments)

56.     Plaintiff re-allege each of the factual allegations set forth above.

57.     The conduct of Defendants, as described above, purposely and openly disregarded State and Federal laws due Plaintiff was/is representing Pro Se in court proceedings. Filing court documents and Court Decisions knowing in advance is only to deprive/discriminate against Plaintiff, Punish Plaintiff for preserving and upholding his rights by law against Defendant's continued unlawful/illegal conduct in court proceedings.

58.     As a direct and proximate result of Defendant's conduct as described above, Plaintiff has suffered damages including emotional trauma, distress, humiliation, and the loss of professional/public reputation knowing these Defendants purposely acted out of the scope of their duties/official capacities to deprive/discriminate against Plaintiff's race/due process rights, with non-legitimate/sham litigation court proceedings for their personal gain. Damages of each in an amount to be determined by the court/trial.

## COUNT III

## 42 U.S.C. § 1983: Violation The Right To Freedom From Discrimination based on race (Fourteenth Amendment)

59.     Plaintiff re-allege each of the factual allegations set forth above.

60.     Defendants whose race is white and/or other than African Americans knew in advance before filing court documents and Court Judgment Entries that their actions were committing race discrimination against Plaintiff, former Hamilton County Common Pleas Court Judge Tracie Hunter and former City of Cincinnati Council Member & Cincinnati Police Sgt. (25-year Vet) Wendell Young whose race is African American (black).

61.        When Plaintiff repeatedly in all court cases/proceedings raised the issue by way of Ohio case law to put Defendants on notice of how former Judge Tracie Hunter and former Council Member/Police Vet. Wendell Young was/is treated differently compares to Hamilton County Common Pleas Court Judge Robert Ruehlman, Christian Jenkins, Mark Manning and David Laing who are public employees of City of Cincinnati/County of Hamilton, Ohio that are subject to the same policies/laws Judge Tracie Hunter/Wendell Young civilly/criminally allegedly violated.  By knowingly/purposely depriving/discriminating against and punishing Plaintiff for comparing African American (black) high-ranking officials to (white and/or non-African American black) high-ranking officials enhanced the deprivation and discrimination against Plaintiff race as well.  There was/is no mention of Judge Tracie Hunter nor Wendell Young in cases that were/is before trial court judges/appellate court judges/Ohio Supreme Court justice in court documents (City of Cincinnati-Mark Manning/David Laing and HCPO-Joseph Deters) filed nor in judges/justice court judgment entries on how Judge Tracie Hunter/Wendell Young treated differently/race discrimination.

62.        As a direct and proximate result of Defendant's conduct as described above, Plaintiff has suffered damages including emotional trauma, distress, humiliation, and the loss of professional/public reputation knowing these Defendants purposely acted out of the scope of their duties/official capacities to deprive/discriminate against Plaintiff's race/due process rights, with non-legitimate/sham litigation court proceedings for their personal gain.  Damages of each in an amount to be determined by the court/trial.

## COUNT IV

### 42 U.S.C. § 1983: Ratification – Fourth and Fourteenth Amendments

63.        Plaintiff re-allege each of the factual allegations set forth above.

64.         Defendants' failure to act toward Plaintiff's continued claims in court cases/

pleadings/proceedings Defendants were treating Plaintiff differently outside of court procedures/

duties and based on actual case law from Ohio District Courts and Ohio Supreme Court. By

Plaintiff repeatedly/specifically citing *State ex rel. Cincinnati Enquirer v. Hunter, 138 Ohio St.*

*3d 51- Ohio Supreme Court 2013* when Hamilton County Common Pleas Court Judge Tracie

Hunter was held in contempt of Court for not obeying a mandated/superior court order with

threats of ($250.00 fine and 30 days in jail) if continued refusal to comply. Where Hamilton

County Common Pleas Court Judge Robert Ruehlman openly refused to obey a

mandated/superior court order since November 25, 2020 to purposely allow City of Cincinnati/

Hamilton County Prosecutor's Office [Not] file public records *(Complaint Affidavit, Arrest/*

*Search Warrants*) which also violated Ohio Public Records Act 149.43. This led all Defendants

in the trial court cases before Judge Ruehlman, Judge Christian Jenkins, Appellate Court Judges

and Ohio Supreme Court knowingly allowed the deprivation/discrimination and illegal violations

in Plaintiff's cases/court proceedings. This deprived the Plaintiff of his particular rights under

color of state law/the laws of the United States Constitution as explained above.

65.         Being Defendants are State public officials *(the same as Judge Hunter/Wendell*

*Young were)* and were/are considered final policymakers or have authority to ratify

deprivation/discrimination/illegal issues but Defendants failure to act, that is, knew of and

specifically made a deliberate choice not to end deprivation, discrimination nor illegal conduct in

Plaintiff's court cases/court proceedings. A person acts "under color of state law" when the

person acts or purports to act in the performance of official duties under any state, county, or

municipal law, ordinance, or regulation.

66.        As a direct and proximate result of Defendant's conduct as described above,

Plaintiff has suffered damages including emotional trauma, distress, humiliation, and the loss of

professional/public reputation knowing these Defendants purposely acted out of the scope of

their duties/official capacities to deprive/discriminate against Plaintiff's race/due process rights,

with non-legitimate/sham litigation court proceedings for their personal gain.   Damages of each

in an amount to be determined by the court/trial.

## COUNT V

### State Law Claim: Negligent And Intentional Infliction of Emotional Distress

67.        Plaintiff re=allege each of the factual allegations set forth above.

68.        The conduct of Defendants as set forth herein were extreme, outrageous and

moral turpitude that shocks the public conscience, or not within moral standards held by the

community.  Their conduct intended to cause or were in reckless disregard of the probability to

severely cause mental cruelty to Plaintiff just to punish Plaintiff for simply standing up for his

rights against high ranking public officials by law by simply asking for [public records]

specifically from Plaintiff's [own] past criminal case State of Ohio v. Terry Brown-B1602390

where Plaintiff was found Not Guilty.

69.        Defendants' actions and conduct did directly and proximately cause a serve

emotional distress to the Plaintiff, and therefore constituted intentional and negligent infliction of

emotional distress.  The conduct described in this Complaint was undertaken by Defendants

without probable cause under color of law and within but acted outside of the scope of their

employment which proves Defendants were/is acting in their individual/personal capacities.

## COUNT VI

### Punitive Damages: Individual/Personal Capacity

31

70.         Plaintiff re=allege each of the factual allegations set forth above.

71.         The conduct of the Individual/Personal Capacity Defendants as described above

occurred was willful and occurred in an extreme, outrageous, moral turpitude that shocks the

public conscience, or not within moral standards held by the community. Their conduct intended

to cause or were in reckless disregard of the probability to severely cause mental cruelty to

Plaintiff just to punish Plaintiff for simply standing up for his rights against high-ranking public

officials by law by simply asking for [public records] from Plaintiff's own cases. Plaintiff's

rights as protected by the United States Constitution and by the common law of Ohio.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Terry Brown respectfully prays that this Court:

a) Issue a declaratory judgment that the custom, policy and/or practice of the Defendants
   described herein this Complaint are violations of Plaintiff's civil rights protected by
   the First, Fourth, Fifth and Fourteenth Amendments and should be permanently
   enjoined.

b) Award compensatory damages in favor of Plaintiff in the amount to be determined by
   the evidence at trial.

c) Award punitive damages against each of the individual/personal Defendants in the
   amount of $50 thousand dollars for the deprivation/discriminatory/illegal disregard of
   the rights of Plaintiff, and $75 thousand dollars damages against the Defendants -
   State of Ohio-Ohio Supreme Court, City of Cincinnati and Hamilton County, Ohio

d) Award Plaintiff's cost and attorney fees pursuant to 42 U.S.C. § 1988; and

e) Grant the Plaintiff such other relief as may be necessary and proper.

Respectfully Submitted:

*Terry Brown*

Terry Brown,
2344 Kemper Ln. #6754
Cincinnati, Ohio 45206
(513) 207-3354
blessingscomes@gmail.com

32

## JURY DEMAND

Plaintiff hereby demands trial of all issues by a jury comprised of the maximum number of jurors permitted by law.

_Terry Brown_

Terry Brown

## CERTIFICATE OF SERVICE

This certify that all parties were served with a copy of this filing by U.S. Certified Mail on this 3 day of ~~March~~ April 2023 via Court Clerk Office.

_Terry Brown_

Terry Brown

33



IN THE COURT OF APPEALS
FIRST APPELLATE DISTRICT OF OHIO
HAMILTON COUNTY, OHIO

STATE OF OHIO ex rel. Terry Brown

                                     Case No. C2100427

Relator

v.

Hamilton County Judge Robert Ruehlman

Respondents

## RELATOR'S NOTICE TO THIS COURT REGARDING ORDER FROM THE THIRD DISTRICT COURT OF APPEALS RE: FORMER JUDGE ROBERT RUELHMAN

     Now comes Terry Brown, Relator, submit his notice to [this] Court from an order e-mailed to Relator on today **January 9, 2023** with a an order from the _Third District Court of Appeals_ dated **January 10, 2023** regarding the decison contempt motion against Judge Robert Ruehlman.

     Relator have attached a copy of the letter to the Third District Court of Appeals that Relator was never informed/receive notice by this Court (First District) nor Ohio Supreme Court that the Third District Court of Appeals (3 Panel Judges) to rule on Relator's motion/action against Judge Ruehlman. The fact, [this] **First District Court Judge Marilyn Zavas** [already ruled] on _July 18, 2022_ on the issue motion for contempt against Judge Robert Ruehlman and City of Cincinnati-Police Department. Therefore, as Relator claimed the matter is a Judicial Conspiracy to cover-up for Judge Ruehlman/City of Cincinnati-Police and Joseph Deters Hamilton Count Prosecutor's Office. (**See Attachments To 3rd District Court**).

                        Respectfully Submitted:/s/Terry Brown
                                   2344 Kemper Ln. #6754
                                   Cincinnati, Ohio 45206
                                   (513) 207-3354
                                   blessingcomes23@yahoo.com

## CERTIFICATE OF SERVICE
This serves parties were served by U.S. Regular Mail on this 9th day of January 2023
                                /s/Terry Brown

# TERRY BROWN, PARALEGAL

2344 Kemper Ln. #6754, Cincinnati, Ohio 45206 – 513-207-3357 blessingcomes23@yahoo.com

Third District Court Appeals of Ohio
**Attn: To Judges William R. Zimmerman, Mark C. Miller and John R. Willamowski**
204 N. Main St.
Lima, Oh 45801
Fax (419) 224-3828

RE: STATE OF OHIO, EX REL, TERRY BROWN - CASE NO. C210427
V.
HAMILTON COUNTY COMMON PLEAS COURT
JUDGE ROBERT RUEHLMAN, AND CITY OF CINCINNATI AND
CINCINNATI POLICE DEPARTMENT

**ENTRY DENYING MOTION FOR COMTEMPT**

 To Judges Zimmerman, Miller & Willamowski:

I just received a e-mail attachment of some sort of ruling you all made regarding a trial court case motion I filed before the First District Court of Appeals.

I want to inform you, I **Terry Brown was never informed by The First District, Third District Court of Appeals nor the Ohio Supreme Court** that this Third District Court was reviewing my motion regarding **Contempt against Hamilton County Common Pleas Court Judge Robert Ruehlman.**

The fact, The First District Court of Appeals [Already Ruled] on my motion for contempt against Judge Ruehlman **since/on July 18, 2022.** *(See First District Court Entry Filed on July 18, 2022 Attached Hereto)*

I then filed **State of Ohio ex rel Terry Brown v. Judges of the First District Court of Appeals- Case No. 2022-0895** before the **Ohio Supreme Court**. **(See Supreme Court Entry Attached Hereto)** Again, the Supreme Court never once instructed me that your (Third District Court of Appeals (a three panel judges) was reviewing the matter regarding Judge Ruehlman and/or the issue regarding Judge Ruehlman not complying with a mandated order in case

1

C2100031 from the First District Court appeals. In fact, Ohio Supreme Court *Maureen O'Conner, Chief Judge* already ruled her last ruling in that case on **December 27, 2022** **It's very improper that a (3) panel judges from another District rule on a motion where the rules of court cites a [signal] judge rules on motions**. Also was/is improper by law for me the litigate not to be informed of what Court was reviewing the matter. And based on your ruling dated **January 10, 2023 but received today on January 9, 2023.** It still *not based on the fact. Judge Robert Ruehlman a lower court/inferior Court/City of Cincinnati Does Not Have To Comply With A Mandated/Superior Court (First District/Supreme Court) Order*, **equal to/like Hamilton** County Common Pleas Court [Judge Tracie Hunter]-was ordered by the First District Court & Ohio Supreme Court in *State ex rel. Cincinnati Enquirer v. Hunter, 138 Ohio St. 3d 51- Ohio Supreme Court 2013.*

Accordingly, your order makes clear it's a *judicial conspiracy* (unlawful) and/or trying to **cover-up First District Court's conduct** in Not allowing 1. Judge Robert Ruelhman to obey a mandated/superior court order as they forced former Judge Tracie Hunter. 2. Not Based on the subject matter or language of my motion at all/not contacted you reviewing the matter. Again, Ohio Supreme Court already ruled and never said anything close to what your ruling was. **Other-words your ruling is contradicting/not contrary to law** on subject of my motion against Judge Robert Ruelhman.

Sincerely

*Terry Brown*

cc; First District Court of Appeals
    Former Judge Tracie Hunter/Lawyers
    Hamilton County Clerk of Courts Office

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
### HAMILTON COUNTY, OHIO



ENTERED
JUL 18 2022

STATE OF OHIO, EX REL. TERRY BROWN,   :   CASE NO. C-220044

    RELATOR,   :

V.   :   *ENTRY DENYING RELATOR'S*
    *MOTION FOR CLARIFICATION*
    :   *AND RECONSIDERATION,*
HAMILTON COUNTY COMMON   :   *MOTION FOR EXTENSTION OF*
PLEAS COURT JUDGE CHRISTIAN   :   *TIME OR STAY, AND MOTION*
JENKINS,   :   *FOR CONTEMPT*

    and   :

WLWT-TV 5 NEWS/HEARST   :
TELEVISION,

    RESPONDENTS.   :

This matter is before the Court on relator's motion for clarification and reconsideration, motion for extension of time or stay, and motion for contempt against ~~Judge Robert Ruehlman~~ and the City of Cincinnati Police Department. The court finds the motions not well-taken and therefore denies the same.

To the clerk:
Enter upon the journal of the court on _____ JUL 18 2022 _____.

By: _____   (Copies sent to all counsel)
    Presiding Judge



D135499992

Supreme Court of Ohio Clerk of Court - Filed December 27, 2022 - Case No. 2022-0895

# The Supreme Court of Ohio

State of Ohio ex rel. Terry Brown

v.

Judges of the First District Court of Appeals

Case No. 2022-0895

RECONSIDERATION ENTRY

It is ordered by the court that the motion for reconsideration and clarification in this case is denied.

It is further ordered that relator's motion to strike memo opposing motion for reconsideration is denied.

Maureen O'Connor
Chief Justice

The Official Case Announcement can be found at http://www.supremecourt.ohio.gov/ROD/docs/



# PAVAN V. PARIKH
## Hamilton County Clerk of Courts



PLAINTIFF'S EXHIBIT
B

| Case Number: | C 2100427 |
|---|---|
| Court: | Court of Appeals |
| Case Caption: | STATE OF OHIO EX REL TERRY BROWN vs. HAMILTON COUNTY JUDGE ROBERT RUEHLMAN |
| Judge: | Unavailable |
| Filed Date: | 08/10/2021 |
| Case Type: | A108 - WRIT OF MANDAMUS - PETITION |
| Total Deposits: | $85.00 Credit |
| Total Costs: | $318.00 |

Show All Rows

| | | | |
|---|---|---|---|
| 01/11/2023 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | | |
| 01/11/2023 | ENTRY DENYING MOTION FOR CONTEMPT | DOCUMENT MAY CONTAIN SENSITIVE INFORMATION REDACTION MAY BE NEEDED | 6.00 |
| 01/09/2023 | RELATOR'S NOTICE TO THIS COURT REGARDING ORDER FROM THE THIRD DISTRICT COURT OF APPEALS RE: FORMER JUDGE ROBERT RUEHLMAN | DOCUMENT MAY CONTAIN SENSITIVE INFORMATION REDACTION MAY BE NEEDED | 5.00 |
| 10/11/2022 | ENTRY FROM THE SUPREME COURT OF OHIO CERTIFICATE OF ASSIGNMENT | DOCUMENT MAY CONTAIN SENSITIVE INFORMATION REDACTION MAY BE NEEDED | 1.00 |
| 10/11/2022 | ENTRY FROM THE SUPREME COURT OF OHIO CERTIFICATE OF ASSIGNMENT | DOCUMENT MAY CONTAIN SENSITIVE INFORMATION REDACTION MAY BE NEEDED | 1.00 |
| 10/11/2022 | ENTRY FROM THE SUPREME COURT OF OHIO CERTIFICATE OF ASSIGNMENT | DOCUMENT MAY CONTAIN SENSITIVE INFORMATION REDACTION MAY BE NEEDED | 1.00 |
| 08/07/2022 | RELATORS' MOTION FOR CONTEMPT AGAINST JUDGE ROBERT RUEHLMAN AND CITY OF CINCINNATI AND COUNSELS DAVID LAING/ MARK MANNING FOR REFUSAL TO COMPLY WITH THE NOVEMBER 25, 2020 ORDER IN CASE#C2000031 | DOCUMENT MAY CONTAIN SENSITIVE INFORMATION REDACTION MAY BE NEEDED | 5.00 |
| 02/25/2022 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | | |
| 02/25/2022 | ENTRY DENYING MOTION FOR RECONSIDERATION | DOCUMENT MAY CONTAIN SENSITIVE INFORMATION REDACTION MAY BE NEEDED | 3.00 |
| 01/28/2022 | RELATOR'S MOTION FOR RECONSIDERATION AND JUDICIAL NOTICE TO THE COURT | DOCUMENT MAY CONTAIN SENSITIVE INFORMATION REDACTION MAY BE NEEDED | 4.00 |
| 01/20/2022 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY | | |



PLAINTIFF'S
EXHIBIT
C

ENTERED
APR 0 6 2022

## IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

TERRY BROWN,
    PLAINTIFF-APPELLANT,

V.

CITY OF CINCINNATI,
    DEFENDANT-APPELLEE.

:      APPEAL NO. C-220127
        TRIAL NO. A-1900301

:

:      *ENTRY OF DISMISSAL*

This matter is before the Court on appellant Terry Brown's notice of appeal, filed on March 17, 2022. This is an appeal from a trial court entry deeming requests for admission admitted and giving notice to Mr. Brown that his claims would be dismissed with prejudice if he did not comply with discovery requests.

Appellate courts do not have jurisdiction to review an order that is not final and appealable. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02. Based on the Court's review, this entry is not a final appealable order. The Court, therefore, dismisses this appeal for want of jurisdiction.

Costs taxed in accordance with App.R. 24.

**To the clerk:**

Enter upon the journal of the court on _____ APR 0 6 2022 _____.

By: _Beth A. Myers_ _____    (Copies sent to all counsel)
        Presiding Judge



D134619372



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COURT OF APPEALS

ELECTRONICALLY FILED
March 17, 2022 03:56 PM
PAVAN PARIKH
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1169523

TERRY BROWN                                    C 2200127

vs.
CITY OF CINCINNATI

FILING TYPE: NOTICE OF APPEAL
PAGES FILED: 2



D134457403

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

TERRY BROWN                          :        Case No. A1900301

         Plaintiff

vs.
                                              Judge Robert Ruehlman

CITY OF CINCINNATI                            **NOTICE OF APPEAL**

         Defendant(s)                :

---

Now comes Terry Brown, Plaintiff, which hereby gives Notice of Appeal to the

First District Court of Appeals from the fraudulent/unlawful entry filed *"Entry on Failure To*

*Comply With Order to Compel with Notice of Impending Dismissal" on March 10, 2022*, based

on the *August 3, 2021 judgment entries* filed in the trial court case A1900301 fraudulently

/unlawful by City of Cincinnati and Hamilton County Prosecutor's Office, which [this] Court in

case *State ex rel Terry Brown v. Judge Robert Ruehlman/City of Cincinnati case #C2100427*

cited/filed ordered on October 15, 2021 the *August 3, 2021 judgment entries* in case A1900301

are *Not Final Appealable Orders*.   The March 10, 2022 Entry is attached hereto as Exhibit A.

Respectfully Submitted: /s/Terry Brown
                        Terry Brown, Paralegal
                        2344 Kemper Ln. #6754
                        Cincinnati, Ohio 45206
                        (513) 207-3354
                        blessingcomes23@yahoo.com


## CERTIFICATE OF SERVICE

This certifies counsel(s) for City of Cincinnati were served with a copy of this document on this
17th day of March 2022 by electronic fax transactions.

                              /s/ Terry Brown

ENTERED

AUG 0 3 2021

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

TERRY BROWN,

             Plaintiff,

    -vs-

CITY OF CINCINNATI
POLICE DEPARTMENT, et al.,

           Defendants.

:
:
:
:
:
:
:
:
:
:
:

Case No. A 1900301

JUDGE ROBERT RUEHLMAN

ENTRY RULING ON PENDING
MOTIONS BETWEEN PLAINTIFF
AND DEFENDANT CITY OF
CINCINNATI

On July 21, 2021, the Court conducted a hearing and heard argument on various motions filed by the Plaintiff Terry Brown and Defendant City of Cincinnati. Following consideration of the record, the Parties' various motions, and the arguments of Plaintiff and counsel for Defendant, the Court hereby renders the following **ORDERS**:

    1.    Plaintiff's Motion for a Writ of Mandamus, filed February 7, 2021, is hereby **DENIED**. Plaintiff failed to attach the affidavit required by R.C. 2731.04; failed to properly caption the mandamus complaint; and has an adequate remedy at law, a discovery request, to acquire the documents. Furthermore, Plaintiff does not have a clear legal right to have a third-party arrested.

    2.    Plaintiff's Motion for Sanctions Pursuant to Civ.R. 11 Against Mark Manning, et al., filed on March 31, 2021, is hereby **DENIED**. Plaintiff has failed to establish a factual basis for sanctions against any Defendant or their agents.

    3.    Defendant City of Cincinnati's Motion to Quash Subpoena (Solicitor Mark Manning) and for Protective Order, filed April 5, 2021, is hereby **GRANTED**.

{00344702-1}

The Court **FINDS** that Mr. Manning has no knowledge of this case other than as counsel for Defendant City of Cincinnati.

Since this is the second such subpoena Plaintiff has sought against Mr. Manning, Plaintiff Terry Brown may not issue further subpoenas against Mr. Manning or other City of Cincinnati legal counsel without prior leave of Court.

4.    Plaintiff's request for a Protective Order against the City, as detailed in Plaintiff's Reply to the City's Memorandum in Opposition to Plaintiff's Motion for Sanctions, filed April 15, 2021, is hereby **DENIED**. Plaintiff has not articulated any harm that would come from production of the City's requested discovery.

5.    Defendant City of Cincinnati's Motion to Compel Discovery Responses from Plaintiff Terry Brown, filed March 30, 2021, is hereby **GRANTED**. Plaintiff shall provide full and complete responses to the Defendant City of Cincinnati's Interrogatories 2, 3, 6, 7, 17 and 20; Request for Production of Documents 8 and 9; and Request for Admissions 1 and 2 within fourteen (14) days of this Entry.

**IT IS SO ORDERED.**

Judge Robert Ruehlman
JUDGE ROBERT P. RUEHLMAN
COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

Date

PLAINTIFF'S
EXHIBIT
D

IN THE SUPREME COURT OF OHIO

In re Disqualification
of Judge Christian Jenkins

)     Case No.

)

## AFFIDAVIT OF DISQUALIFICATION

Terry Brown, Paralegal
2344 Kemper Ln. #6754
Cincinnati, Ohio 45206
blessingcomes23@yahoo.com
(513) 207-3354

Judge Christian Jenkins,
Hamilton County Common Pleas Court
1000 Main Street Room 360
Cincinnati, Ohio 45202

1

IN THE SUPREME COURT OF OHIO

In re Disqualification
of Judge Christian Jenkins

)

Case No._____

)

**AFFIDAVIT OF
DISQUALIFICATION**

STATE OF OHIO )
) ss:
COUNTY OF HAMILTON )

I, Terry Brown, being of full legal age and being first duly sworn according to law deposes and states as follows:

The undersigned affiant pursuant to Ohio R. C. 2701.03-prejudice, bias, and other disqualifying grounds, hereby requests that **Judge Christian Jenkins** not be permitted to continue adjudicate/preside over case **Terry Brown v. City/Village of St. Bernard And Schaffer's Towing & Miamitown Auto Parts & Recycling-Case No. A2100407 *[next] Court Date/January 26, 2023]* in Hamilton County Court of Common Pleas** for reasons:

Judge Jenkins, has continues to purposely commit Bias/Prejudice conduct against me Affiant Terry Brown in the entitled civil case A2100407 mentioned within.  Since May 6, 2021, within a Pre-Trial Conference Hearing, Judge Jenkins immediately acted as Defendant's attorneys by verbally attacking Terry Brown who is the Plaintiff in case A2100407.  Before filing that case against those Defendants mentioned within, I Terry Brown, sent U.S. Certified Mail to those Defendants almost a year in advance making them aware that they illegally stolen/held then "Crushed" my car Mazda Millenia.   Before the May 6, 2021, conference hearing I Terry Brown and all Defendants commenced in Discovery which I Terry Brown filed all Discovery responses (Questions/Answers) in case A2100407 before Judge Jenkins.   I Terry Brown, also filed a Motion for Sanctions against *Defendant Schaffer's Towing/Miamitown* due

2

they're trying to strong arm me for not accepting a low settlement offer of $600, by filing a "Counterclaim" *on April 6, 2021* in the amount of $13,297.00 all without evidence.   This is when in the May 6, 2021, hearing Judge Jenkins acted as Defendant's attorney by verbally attacking me Terry Brown [only] by demanding that Civ. R. 26 F to be complied with that rule of court.   When I Terry Brown, tried to argue my motion for sanctions, Jenkins talked over me then told me to stop talking altogether, then ordered me Terry Brown to [withdrawn] my motion for sanctions against Defendants Schaffer's Towing/Miamitown, this violated my Due Process Rights.  **Jenkins, then went on to say, he personally does not like motions for sanctions against attorneys and I Terry Brown is wasting the Court's (Jenkins) time and resources in filing the this civil case against those Defendants.**     *(See Exhibit A Court Transcript of May 6, 2021 Pre-Trial Conference Hearing Attached Hereto)*

Since May 6, 2021 to Present, Judge Jenkins, has allowed all Defendants to violate Civ. R. 26 F.   Matter of fact, Civ. R. 26 F, clearly cites that [all] partied to the case are jointly responsible and all parties are to have completed within 14 days [after] Pre-Trial Conference. Defendants refused to comply nor communicate with Terry Brown, which led me filing my Civ. R. 26 F Plan/Report [alone] on May 14, 2021.   Defendants filed their Rule 26 F Plan/Report over a month later on June 8, 2021 [after] the May 6, 2021 Pre-Trial conference.   However, Defendants *City/Village of St. Bernard*, settled all Terry Brown's claims against them involving their role in the case/theft - not complying with Ohio Revised Code *2921.44-(A)(1),(2) Dereliction of duty* regarding my car Mazda Millenia being stolen.

But Judge Jenkins currently/still allowing *Defendants Schaffer's Towing/Miamitown Auto Parts & Recycling* [not] comply with their [own] Civ. R. 26 F Plan/Report filed since June 8, 2021 now over a year old.  I Terry Brown have filed updated motions for sanctions/motion to

3

dismiss (counter-claim) against Defendants Schaffer's Towing/Miamitown due the fact, those Defendants has refused to file/show evidence of their $13,297.00 counter-claim.

Matter of fact, recently on *November 22, 2022* within a Pre-Trial Conference, with me Terry Brown/Defendants Schaffer's Towing/Miamitown-counsel *Joseph Pettinato* before Judge Jenkins, Defendants counsel continued to lie and demanded that they already served me Terry Brown with their Discovery responses/including evidence proving their counter-claim of $13, 297.00 via e-mail attachment. Judge Jenkins, then acted as though I Terry Brown was lying not receiving "Discovery" (counter-claim $13, 297.00) documents from Schaffer's Towing/Miamitown counsel. Then ordered Defendants counsel *Joseph Pettinato* forward all e-mails to his (Jenkins) law clerk e-mail address on the same day of November 22, 2022. Jenkins, stated he wanted to see who was lying to him/the Court. *(See Exhibit B All e-mails from Defendants' counsel Joseph Pettinato on November 22, 2022 to Judge Jenkins/law clerk attached hereto*, I Terry Brown, after receiving a copy of those e-mails filed on the same day November 22, 2022 "*Plaintiff's Notice To The Court Regarding The Case Pre-Trial Conference On November 22, 2022 That Defendants Schaffer's Towing & Miamitown Auto Parts & Recycling Are To Submit Emails To The Court/Plaintiff Proving Discovery Documents (Counter-Claim) And Witness List Were Sent To Plaintiff Within The Second Discovery Request*" (See **Exhibit C Terry Brown Filed Notice To Judge Jenkins**)

In re Disqualification of Winkler, 986 NE 2d 996 – Ohio: Supreme Court 2013
In previous affidavit-of-disqualification proceedings under R.C. 2701.03, the chief justice has also explained that *if a judge's words or actions convey the impression that the judge has developed a* "'*hostile feeling or spirit of ill will,*'" or if the judge has reached a "'**fixed anticipatory judgment**'" that will prevent the judge from hearing the case with "'an open state of mind * * * governed by the law and the facts,'" then the judge should not remain on the case. *In re Disqualification of Hoover*, **113 Ohio St.3d 1233, 2006**-Ohio-7234, 863 N.E.2d

Within those e-mails sent directly to Judge Jenkins/copied me Terry Brown, but Defendants Schaffer's Towing/Miamitown through their counsel Joseph Pettinato **clearly lied** to

4

Judge Jenkins/Court due there isn't any exhibits/evidence nor proof showing $13,297.00 counter-claim sent/against me Terry Brown. This makes Terry Brown's claims within the Pre-Trial conference November 22, 2022/motion for sanctions/motion to dismiss are true that Defendants/Jenkins wants *me Terry Brown to engage in a fraudulent legal proceeding. (Sham of Legal Process)* This makes Judge Jenkins violated Civ. R 26 F as well, that Jenkins so demanded that it is required before any further activity within the case. (**Again See Exhibit A**) *Defendants Schaffer's Towing/Miamitown /Jenkins wants me Terry Brown, to wait on the day of trial to allow Defendants to admit into evidence fraudulent documents just to obtain a judgment in Defendant's favor.* This now proven Jenkins was/is still bias/prejudice against me Terry Brown and for his misconduct within the May 6, 2021 conference clearly wanting me Terry Brown [only] to comply with Civ. R. 26 F. Then acted as though I Terry Brown brought a frivolous action against all Defendants. This proven, Jenkins, already made his judgment/developed a "hostile/spirit of ill will against me Terry Brown in favor of Defendants before any hearing/trial (*"fixed anticipatory judgment"*) on or after May 6, 2021.

To further show cause of Judge Jenkins' bias behavior against me Terry Brown. Now after Judge Jenkins reviewed the e-mails (November 22, 2022) from those Defendant's counsel knowing Defendants lied to him and to the Court altogether regarding the counter-claim of $13,297.00. But to date Judge Jenkins have [Not] even bothered filing any entry-order of [sanctions] against/demanding Defendants Shaffer's Towing/Miamitown through counsel to [withdrawn] their *fraudulent counter-claim* against me Terry Brown. **On December 6, 2022, there was another Pre-Trial Conference but Judge Jenkins refused to be present allowing his law clerk Johnnie Fitzpatrick to act as Judge totally ignored/mentioned Defendants lied to the Court and what actions Jenkins were taking against Defendants for lying to**

5

**him/court.** Then filed an entry, citing there will be another Pre-Trial Status on January 26, 2023 and Jury Trial on February 14, 2023. The fact, prior to November 22, 2022 Pre-Trial conference, *Jenkins dismissed [all] my Terry Brown's complaint against Defendants Schaffer's Towing/Miamitown, within a Pre-Trial Conference out of anger/no dismissal entry filed at all on July 18, 2022 claiming I failed to Prosecute my case. Jenkins, knew/knows and the online case history clearly proves I Terry Brown have filed pleadings attached with evidence before/after May 6, 2021 proving by all Defendants own admitted statements/exhibits authenticated through 'Discovery" Defendants let a person stolen my car go without even interrogating him and arrested that person for another outstanding warrant on a unrelated criminal matter instead.* Then had my car towed, [illegally] transferred my car title out of my name [Terry Brown] to Defendant's Schaffer's Towing name, knowing my car was stolen.

**According to Ohio R. C. 4505.09 A)** *No person shall do any of the following: (1) Procure or attempt to procure a certificate of title or a salvage certificate of title to a motor vehicle, or pass or attempt to pass a certificate of title, a salvage certificate of title, or any assignment of a certificate of title or salvage certificate of title to a motor vehicle, or in any other manner gain or attempt to gain ownership to a motor vehicle, knowing or having reason to believe that the motor vehicle or any part of the motor vehicle has been acquired through commission of a theft offense as defined in section 2913.01 of the Revised Code*

Then held my car (Terry Brown) over two and half years without my knowledge, had my car "Crushed" illegally by Miamitown Auto Parts & Recycling. Jenkins also knew since May 6, 2021 case A2100407 is not only a *civil case but now a criminal matter*. I Terry Brown have filed/put Judge Jenkins on notice he and his staff Jonathan Fitzpatrick who is a lawyer as well also would be complicit to any criminal activity in case A2100407. To purposely refused/ allow Defendants Schaffer's Towing/Mamitown through counsel Joseph Pettinato, to act criminally and violate rules/procedures/laws of the court sends a clear message is acting outside a legitimate court proceeding.

6

*removal is necessary "to avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." In re Disqualification of Floyd, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 10.* As this court first said more than seven decades ago, "it is of vital importance that the litigant believe that he will have a fair trial."

Judge Jenkins, inherited/presides over my Terry Brown's past criminal case **State of Ohio v. Terry Brown- case# B1602390** when I was found Not Guilty.   Around the same time filing the A2100407 case I Terry Brown filed a Request/Writ of Mandamus for my rights to public records (**Complaint/Affidavit, Arrest/Search Warrants**) on/around February 21, 2021 in case B1602390.  Due the fact, a *Cincinnati Police Officer Matthew Martin,* are the one had giving me Terry Brown documents/information that Defendants in case A2100407 also before Jenkins are the one stolen/held/"Crushed" my car for two and half years.   But Judge Jenkins, has refused to answer/allowed *the City of Cincinnati & Hamilton County Prosecutor's Office* to file to the record (Public Records Act) the (**Complaint/Affidavit, Arrest/Search Warrants**) that are [Not] filed in the criminal case B1602390 at all.   To give/show all the property (cars) that is directly linked to case A2100407.

*The fact, I Terry Brown have provided court transcripts from the criminal case/trial from case B1602390 for Jenkins' review/in cases linked to B1602390, where Police Officer Matthew Martin, has admitted under oath during trial since November 1, 2018, that the (Complaint/Affidavit, Arrest/Search Warrants) are {not} filed in B1602390.*   Jenkins has now, deprived me of my civil rights to [public Records] which is a [mandatory] law for any/all citizens to obtain. (*Ohio's Public Records Act, codified at R.C. 149.43, mandates full access to public records upon request.*  Jenkins or any Judge does not have discretion to personally/legally deny a citizen rights to public records [especially] court cases/records directly involves me Terry Brown.  This also gives weight, Judge Jenkins is acting bias, as personal counsel for Defendants

7

in A2100407/parties in case B1602390 and/or being complicit withholding evidence/records from cases B1602390/A2100407. In fact Defendants Shaffer's Towing/Miamitown has already admitted in "Discovery" before Jenkins, confirmed **Cincinnati Police Officer Matthew Martin**, contacted them regarding my Terry Brown's car Mazda Millenia since November 26, 2019. This proves Jenkins, knows Defendants Shaffer's Towing/Miamitown had already lied to him/court on May 6, 2021 to present, my Mazda Millenia was in fact stolen/held/"crushed" and Defendants counter-claim of $13,297.00 is a fraud upon the court. Judge Jenkins, clearly sending a message wants me to fall in line with any illegal demands Defendants want in case A2100407. And if I Terry Brown refuse to comply with this unlawful/illegal activity in case A2100407, judgement will be in favor of Defendants/all other parties in those cases. And/or, Judge Jenkins simply incompetent of what the rules/laws in cases A2100407/B1602390 are, being Jenkins is a new elected Judge.

Preservation of public confidence in the integrity of the judicial system is vitally important. Accordingly, disqualification is appropriate when, as here, the public's confidence in the integrity of the judicial system is at stake. <u>See In Re Disqualification of Saffold</u>, 134 Ohio St.3d 1204, 2010-6723,981 N.E.2d 869, ¶ 6. Judge Jenkins has been with the cases nearly two years, the climate of judicial oppression he has created, his disrespect for the law and objective truth, and his current disregard of any appearance of proper judicial conduct make it necessary to be assigned a different (visiting) judge outside of Hamilton County. It is now beyond clear that the only way I Terry Brown will receive a fair case/review/trial with a different Judge.

8

_Terry Brown_
Affiant Terry Brown

Sworn to and subscribed before me, a Notary Public, this _20_ day of

_____
Notary Public

## CERTIFICATE OF SERVICE

This is to certify that on _20_ day of January, 2023, I arranged for this Affidavit of Disqualification with attached exhibits to be transmitted electronically [fax] to Judge Christian Jenkins (513) 946- 5964, Hamilton County Prosecutor's Office (513) 946-3100 and Defendants Schaffer's Towing/Miamitown Auto Parts & Recycling counsel Joseph Pettinato in case A2100407 (513) 922-8096

_Terry Brown_
Terry Brown

**From:** Joe Pettinato
**Sent:** Tuesday, November 22, 2022 4:09 PM
**To:** Johnnie Fitzpatrick
**Cc:** Terry B
**Subject:** FW: PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD - CASE#A2100407

All,

Please see below the e-mail thread showing the exchange between our office and Mr. Brown regarding the Responses to Plaintiff's Second Discovery Request.

*Joe Pettinato*
**HAVERKAMP RIEHL & MICHEL CO., L.P.A.**
Direct (513) 804-7547
Main (513) 922-3200 Ext. 4

**From:** Tim Michel <tmichel@hrm-law.com>
**Sent:** Wednesday, October 5, 2022 2:59 PM
**To:** Terry Brown <blessingcomes23@yahoo.com>; Joe Pettinato <jpettinato@hrm-law.com>
**Subject:** RE: PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD - CASE#A2100407

Thank you Mr. Brown.

As I indicated, we have fully answered or objected to your discovery requests. I will provide the sworn signature and nothing more. You do not need to wait the six days.

I accept your response to my direct question of having a discussion, as your refusal. If necessary, I will report it to the Court as such. If you change your mind, you have my number and availability.

*Timothy A. Michel*
**Haverkamp Riehl & Michel**
5856 Glenway Avenue
Cincinnati, OH 45238
(513) 791-3346 Direct
(513) 922-3200 Main
(513) 253-8611 Cell

**From:** Terry Brown <blessingcomes23@yahoo.com>
**Sent:** Wednesday, October 5, 2022 4:39 PM
**To:** Tim Michel <tmichel@hrm-law.com>; Joe Pettinato <jpettinato@hrm-law.com>
**Subject:** RE: PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF

DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD -
CASE#A2100407

Tim,

I just told you regarding the issues of your clients claim.  Again, I need
those answers/documents including the [signed] sworn affidavit verification
now within 6 days.

Sincerely,
Terry Brown, Paralegal
2344 Kemper Ln #6754
Cincinnati, Ohio 45206
(513) 207-3354
blessingcomes23@yahoo.com

Sent from Mail for Windows

**From:** Tim Michel
**Sent:** Wednesday, October 5, 2022 10:16 AM
**To:** Terry Brown; Joe Pettinato
**Subject:** RE: PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF
DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD -
CASE#A2100407

Mr. Brown.

I am not planning to add to or change the answers and objections to your discovery.  As you
pointed out, St. Bernard is no longer a Defendant, but there may be witnesses necessary from
St. Bernard.  Likewise, I would like to point out that your claims have been dismissed, so the
only claims left before the Court, and subject to discovery, are our client's Counterclaim for
storage and towing.

I am available tomorrow (10/6) between 8:00 am and 1:00 pm or Friday (10/7) between 1:00 pm
and 3:30 pm. for a call to discuss our position.  I believe the Court will insist that we attempt to
work out discovery issues between ourselves before we take motions to the Court.  The
following is from Judge Jenkin's Hamilton County profile:

"**Discovery Issues**

The parties and their counsel are strongly advised to act in good faith to fulfill their respective discovery
obligations and avoid unnecessary disputes.  In the event of a discovery dispute, counsel are expected to
comply with Rule 37(A)(1) by conferring in good faith to attempt to resolve the dispute.  The Court
expects all counsel to cooperate in such efforts through actual discussion.  If a dispute cannot be resolved,

counsel are expected to contact the Court's staff attorney to arrange an informal conference with the Court. No motions to compel should be filed without first following this process."

I believe the language about "actual discussion" is controlling. I am certainly willing to have that discussion. Let me know when you are available for a call, or please respond that you are not willing to have a discussion, so I may have that record for the Court.

*Timothy A. Michel*

**Haverkamp Riehl & Michel**
5856 Glenway Avenue
Cincinnati, OH 45238
(513) 791-3346 Direct
(513) 922-3200 Main
(513) 253-8611 Cell

**From:** Terry Brown <blessingcomes23@yahoo.com>
**Sent:** Wednesday, October 5, 2022 2:46 PM
**To:** Tim Michel <tmichel@hrm-law.com>; Joe Pettinato <jpettinato@hrm-law.com>
**Subject:** RE: PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD - CASE#A2100407

Tim,

I appreciate your assistance while Joe is out of the office. Those list of questions are to be answered accordingly. Again**, St Bernard** are no longer Defendants in the case which was the issues in my [First Set of Discovery Reguest] regarding other parties to the incident regarding my car Mazda. We're only for Schaffer's Towing/Miamitown claims, being an attorney you too know exactly what I'm asking regarding your clients actions no one else. I hope you reconsider and submit those list of answers/documents including **the [signed] sworn affidavit verification** in the date I requested.

Remember, Judge Christian Jenkins or his staff Johnny Fitzpatrick is not your clients attorneys. They can't play both side in this case, as you should know that matter have been brought before the court already.

Sincerely,
Terry Brown, Paralegal
2344 Kemper Ln #6754
Cincinnati, Ohio 45206
(513) 207-3354
Blessingcomes23@yahoo.com

Sent from Mail for Windows

From: Tim Michel
Sent: Wednesday, October 5, 2022 8:23 AM
To: Terry Brown; Joe Pettinato
Subject: RE: PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD - CASE#A2100407

Mr. Brown,

As you probably saw from the "Out of Office" response to your email, Joe Pettinato will not be in until later next week. I will be handling this case in his absence.

I apologize for the omission of the sworn signature of Jeff Schaffer, the person answering your second set of interrogatories. I will get that to you as soon as available. I will email it to you. It will not change or supplement the existing answers and objections.

I am glad to discuss with you our answers and objections to attempt to keep from having to involve the Court in discovery. Please let me know when you are available for a telephone call or a meeting. I am available tomorrow (10/6) between 8:00 am and 1:00 pm or Friday (10/7) between 1:00 pm and 3:30 pm. Due to your looming deadline set for additional answers, I would like to resolve the discovery issues as soon as possible or get motions before the Court as necessary.

I look forward to hearing from you.

*Timothy A. Michel*

**Haverkamp Riehl & Michel**
5856 Glenway Avenue
Cincinnati, OH 45238
(513) 791-3346 Direct
(513) 922-3200 Main
(513) 253-8611 Cell

From: Terry Brown <blessingcomes23@yahoo.com>
Sent: Tuesday, October 4, 2022 10:36 PM
To: Joe Pettinato <jpettinato@hrm-law.com>; Tim Michel <tmichel@hrm-law.com>
Subject: RE: PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD - CASE#A2100407

Joe,

By reviewing your answers to Plaintiff's Second Set of Discovery. My/Plaintiff's Discovery have not been complied according to

discovery demands.  First, there **isn't any sworn affidavit verification** attached.   Also, when questions regarding specific issues regarding current events suddenly its over broad or vague.  *And I have not received any documents related to your counterclaim on the issue of storage/fees*.   Remember, according to your original filed Counterclaim/Motion For Summary Judgment **there isn't evidence related to a itemized list of storage/fees**.

   Remember, the Court Judge Jenkins, already set a date for Pre-Trial on Nov. 17, 2022 and trial Decemeber 1, 2022.  Therefore, I want the following answered **within 7 days** of this email notice.

## INTERROGOTORIES

<u>2.</u>  All witnesses intends to call at trial

3.   Identify expert witnesses

4.   Person Have Knowledge of fact.

5.   Documents introduce at trial

7.   Answers which still related to storage/fees

8.   Answer Regarding emails (documents)-this is the second discovery    Not the first set.

10 Explain in detail why that information is private when attorney/you

   In the first set of discovery answered for your clients

11. All documents from Cincinnati Police Ofc Matthew Martin on/after

   on November 26, 2019.

12.  What is so vague – all documents are not related to second

discovery Request.

13.  How is it overly broad when simply asking what other person involved Regarding the 1998 Mazda. *(Remember St. Bernard is not a Defendant in A2100407)*

14.  Failed to Answer-what's vague and overly broad

16.  Failed to Answer, Remember, you answered in the first set of discovery Schaffer's Towing/Miamitown did not have any communication with Any police officer from Cincinnati Police Dept.

19.  Again, St. Bernard is not Defendants in case A2100407. Request For Second Discovery regarding Schaffer's Towing/ Miamitown.

20. Failed to Answer: It's a yes or no question did you (Joseph Pettinato) contacted Judge Christians/Johnny Fitzpatrick by phone/left voicemail

21.  Failed to Answer: Remember, we're in Discovery, you must answer the Discovery question.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Have not complied with Discovery Rule. (Remember the Court already set pre-trial dates of 11/17/22 and December 1, 2022 for trial.  Those documents are to be sent within (7) days.

## REQUEST FOR ADMISSIONS

**Failed to Answer: 1**-Remember its on the claim of counterclaim storage-fees.  Your Answer to the complaint was not based on counterclaim storage/fees.

**10. Failed to Answer completely:**  What my letter said as well as Schaffer/Miami received the letter

**11.  Failed To Answer completely:** other dates after November 26, 2019. You answered Amit you had other communications with Cincinnati Police Matthew Martin in earlier answers.

**12. Failed To Answer completely:** You answered Deny of receiving an email on/after November 26, 2019.  But answered earlier other questions its so broad or vague.   If you received it, the answer needs to be Admit.

**15. Failed To Answer:**  Remember, we're on the claims of storage/fees to Schaffer towing/Miamitown.

**20.  Failed To Answer:** Trying to argue:  We're in Discovery-answering so broad or vague is unacceptable.

**22. Failed To Answer:** Trying to argue:  We're in Discovery-answering so broad or vague is unacceptable.

**23.** Give detailed how this question so broad/vague or unintelligible

**24.** Give detailed how this question so broad/vague or unintelligible

_**Failed To Admit/Submit a signed Sworn Affidavit Verification**_.


**Therefore, I all the above answered submitted to me within (7) days.**

Sincerely,
Terry Brown, Paralegal
2344 Kemper Ln. #6754
Cincinnati, Ohio 45206
(513) 207-3354
blessingcomes23@yahoo.com

Sent from Mail for Windows

**From:** Joe Pettinato
**Sent:** Wednesday, September 28, 2022 1:02 PM
**To:** Terry B; Tim Michel
**Subject:** RE: PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD - CASE#A2100407

Terry, Please see attached Answers to your Second Set of Discovery Requests.

Thank you,

*Joe Pettinato*
**HAVERKAMP RIEHL & MICHEL CO., L.P.A.**
Direct  (513) 804-7547
Main    (513) 922-3200  Ext. 4

**From:** Terry B <blessingcomes23@yahoo.com>
**Sent:** Wednesday, September 7, 2022 5:55 PM
**To:** Tim Michel <tmichel@hrm-law.com>; Joe Pettinato <jpettinato@hrm-law.com>
**Subject:** PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS - BROWN V CITY/VILLAGE OF ST. BERNARD -CASE#A2100407

Attached is Plaintiff's Second Set of Interrogatories, Request For Production of Documents, And Request For Admissions.  RE: Brown v. City/Village of St. Bernard-Case# A2100407.  ****See Attachements***

Sincerely,

Terry Brown, Paralegal
2344 Kemper Ln. #6754
Cincinnati, Ohio 45206
(513) 207-3354
blessingcomes23@yahoo.com

This email has been scanned for spam and viruses. Click here to report this email as spam.