**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TERRY BROWN,

    Plaintiff,

vs

STATE OF OHIO, et al.,

    Defendants.

Case No. 1:23-cv-183

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the court on: (1) Defendants Maureen O'Connor, Marilyn Zayas, Beth Myers, and Pierre Bergeron's motion to dismiss pursuant to Federal 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 12); (2) Defendants Christian Jenkins, Robert Ruehlman's motion to dismiss pursuant to Federal 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 20); and (3) Defendants City of Cincinnati, David A. Laing, and Mark Manning's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 22). Also before the Court are the parties' responsive memoranda. (Docs. 27, 28, 31, 32, 33, 37). After careful consideration, the undersigned finds that Defendants' motions are well-taken.

**I. Background and Facts**

Plaintiff alleges that the Defendants violated the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by committing race discrimination in his previous court proceedings. (Doc. 1 at p. 27-31). More specifically, Plaintiff brings four

constitutional claims under 42 U.S.C. § 1983, as well as two state law claims for negligent and/or intentional infliction of emotional distress. Plaintiff makes the general assertion that African Americans are treated differently in the Court system than "white" high-ranking officials. Id. The Complaint seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, attorney fees and costs.

**II. Allegations of the complaint**

Plaintiff's complaint is rambling, vague and sometimes incomprehensible. As bet discernable, Plaintiff makes the following relevant allegations in the complaint: (Doc. 1).

Plaintiff Terry Brown is an African-American man and is a resident of the State of Ohio and Hamilton County. (Doc. 1, ¶ 2).

Defendant State of Ohio/The Supreme Court of Ohio/Chief Justice Maureen C. O'Connor is/was the duly elected Chief Justice of Ohio Supreme Court within a state division of government, governed by the laws of the State of Ohio and U.S. Constitution. (Doc. 1, ¶ 3).

Defendants Marilyn Zayas, Beth Myers, and Pierre Bergeron are, at the relevant times, duly elected judges on the Hamilton County, Ohio Court of Appeals, First District and are governed by the laws of the State of Ohio and U.S. Constitution. (Doc. 1, ¶ 4-6).

Defendants Robert Ruehlman and Christian Jenkins are, at the relevant times, duly elected judges on the Hamilton County, Ohio Court of Common Pleas and governed by the laws of the State of Ohio and U.S. Constitution. (Doc. 1, ¶ 7-8).

Defendants Mark Manning and David Laing are employed as an attorney for the City of Cincinnati and governed by the laws of the State of Ohio and U.S. Constitution. (Doc. 1, ¶ 9-10).

Defendants Joseph Deters, former Hamilton County Prosecutor, and Melissa Powers, current Hamilton County Prosecutor are employed by the Hamilton County Prosecutor's Office and Hamilton County, Ohio.[1] It is alleged that they exercise final policymaking, have authority to establish the final conducts, discipline and decisions for all employees of Hamilton County and is a "person," as that term is defined in 42 U.S.C. § 1983, acting at all relevant times under color of state law. (Doc. 1, ¶ 12).

Defendant City of Cincinnati is a governmental agency within a state division of government, governed by the laws of the State of Ohio and the U.S. Constitution, exercises final policymaking, has authority to establish the final conducts, discipline and decisions for all employees including attorneys for the City of Cincinnati and it is a "person" as that term is defined in 42 U.S.C. § 1983. (Doc. 1, ¶ 11).

Each individual defendant is sued in his/her individual/personal and official capacities.

Plaintiff alleges that Defendants violated his Constitutional rights by:

• Depriving/Discriminating/violating Ohio Public Records Act Ohio Revised Code 149.43 to Avoid Plaintiff Terry Brown/The General Public Access To The Complaint/Affidavit and Arrest & Search Warrants supposed to be filed/public records in *State of Ohio v Terry Brown* B1602390.

• Depriving/Discriminating/Punishing/Violating Due Process Rights as a Pro Se litigant/United States Citizen for filing Court Proceedings preserving rights to the First Amendment of the U.S. Constitution: for simply demanding [Public Records] from Court Judges, City/County Government - City of Cincinnati and Hamilton County, Ohio, Hamilton County Prosecutor's Office Refused to Comply with Mandated State Laws/the Public Records Act R. C. 149.43/ Higher Courts Mandated/Superior Court Order filed (November 25,2020) in *Terry Brown v. City of Cincinnati* & (BMVI -A1900301-Appeals Court Case#C2000031 linked to case A1900301. *Terry Brown v. City/Village of St. Bemard*-Case #A2100407, State of Ohio ex rel. *Terry Brown v. Judges of the First District Court of Appeals*-2Q22-0R95 and [all]

---

[1] The caption of the complaint indicates that Hamilton County may be a defendant along with Prosecutor Deters and Powers. However, there are no specific allegations against the County in the body of the complaint.

3

other cases linked to the originated case *State of Ohio v. Terry Brown* B1602390 the deprivation/discriminating/illegal conduct continues from May 10, 2022 to the current date.

• Continuing/Depriving/Violating-Race Discrimination in Court Cases/Proceedings that involves Plaintiff Terry Brown-*State of Ohio v. Terry Brown*-B1602390, former Hamilton County Common Pleas Court Judge Tracie Hunter (*State of Ohio v. Tracie Hunter*- Case #B14001100) and former City of Cincinnati Council Member Wendell Young (*State of Ohio v. Wendell Young*-Case #B2101142) to the current date.

(Doc. 1 at p. 3).

With respect to the moving Defendants, the Complaint alleges further:

In Ohio Supreme Court Case No. 2022-0895, Plaintiff filed an original action against the First District Judges, seeking writs of mandamus, prohibition, and/or procedendo. (Doc. 1, ¶ 17). In that case, Plaintiff claims that the First District Judges failed to order various Hamilton County and City of Cincinnati judges and officials "to comply with their Mandated Court Order * * * filed in *Terry Brown v. City of Cincinnati* case # C2000031 * * *. Id. at ¶ 17. In response, the First District Judges filed a motion to dismiss, which was ultimately granted. Id. at ¶ 18. Former Chief Justice O'Connor signed the entry, which did not include a full opinion from the Court. Id. Plaintiff filed a motion for reconsideration, which was later denied. In *State ex rel. Brown v. Ruehlman*, First District Court of Appeals Case No. C2100427, Plaintiff filed an original action against a Hamilton County judge and the City of Cincinnati, seeking writs of mandamus and prohibition. Id. at ¶ 21.

The First District dismissed the complaint, and Judge Bergeron signed the dismissal. Id. at ¶ 31. Thereafter, Plaintiff filed a motion for contempt against the named respondents in that case, and the Third District Court of Appeals was assigned by the

4

Case: 1:23-cv-00183-SJD-SKB Doc #: 40 Filed: 02/21/24 Page: 5 of 18 PAGEID #: 536

Ohio Supreme Court to handle the motion. Id. at p. 9-11. The Third District denied the motion.1 Id. In *State ex rel. Brown v. Jenkins*, First District Court of Appeals Case No. C2200044, Plaintiff filed an original action against a different Hamilton County judge and a local television network, seeking writs of mandamus, prohibition, and procedendo. See Doc. 1 at ¶ 47. The First District dismissed the complaint, and Judge Zayas signed the dismissal entry. Id. The First District later denied Plaintiff's motion for reconsideration of the dismissal entry.

Plaintiff's claims against Judge Ruehlman appear to arise from a case captioned *Terry Brown v. City of Cincinnati Police Department*, et al., Case No. A 1900301 ("Underlying Ruehlman Case"), over which Judge Ruehlman presided. It appears Plaintiff alleges that Judge Ruehlman denied summary judgment on the City of Cincinnati's immunity defense with respect to Plaintiff's replevin claim for the return of property seized in connection with a criminal case brought against Plaintiff in 2016.

The City of Cincinnati appealed Judge Ruehlman's decision; the First District Court of Appeals sustained, in part, and overruled, in part, the City's assignment of error and remanded the case for further proceedings. It appears the Underlying Ruehlman Case was dismissed, with prejudice, on or about June 2, 2022, due to Plaintiff's failure to comply with the Court's order compelling him to respond to discovery. (Doc. 20, Ex. A). Plaintiff alleges that Judge Ruehlman has refused to "comply with the First District's ruling," thus depriving Plaintiff of his right to access public records. (Doc. 1, at p. 9, 10, 11, 13). Plaintiff alleges this deprivation of rights was due to his race. (Id. at ¶ 28). It appears Plaintiff filed a petition for writ of mandamus against Judge Ruehlman, which was dismissed for lack of jurisdiction. (Doc. 1, ¶ 31).

5

With respect to Judge Jenkins, Plaintiff's claims against him appear to originate from a case captioned *Terry Brown v. Village of St. Bernard City*, Case No. A 2100407 ("Underlying Jenkins Case"), over which Judge Jenkins presided. (Doc. 20, Ex. D). Plaintiff alleges Judge Jenkins was complicit in the violation of Brown's civil rights by playing a role in the alleged removal of Plaintiff's name from the title of a vehicle he owned. (Doc. 1, ¶ 38). Plaintiff further alleges that Judge Jenkins used his influence to delay and/or disallow Brown access to public records. (Id. at ¶ 40). Plaintiff also filed a petition for writ of mandamus against Judge Jenkins in the First District Court of Appeals, which was dismissed. (Doc. 1, ¶ 36). Thereafter, Plaintiff filed an Affidavit of Disqualification seeking to have Judge Jenkins removed from the Underlying Jenkins Case. (Doc. 20, ex. F). The Ohio Supreme Court declined to remove Judge Jenkins in a Judgment Entry and Decision dated March 8, 2023. Id.

As noted above, Defendants Mark Manning and David Laing are both attorneys employed by the City of Cincinnati. The Complaint appears to allege, *inter alia* that Manning and Laing acted as attorneys for the City in his cases in the First District Court of Appeals and failed to file certain public records. (Doc. 1 at ¶34, 35).

**III. Analysis**

*A.    Standard of Review*

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. Id. In reviewing such a facial attack, a trial court takes the allegations in the

6

complaint as true. Id. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Id. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Id.

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

Furthermore, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or

7

reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

**B. Defendants' motions to dismiss are well-taken**

**1. State Defendants (Doc. 12)**

Defendants Marilyn Zayas, Beth Myers, and Pierre Bergeron all judges of the First District Court of Appeals and former Chief Justice of the Ohio Supreme Court Maureen O'Connor (collectively, "the State Defendants") now move to dismiss Plaintiff's claims against them asserting that all of Plaintiff's claims are barred by either Eleventh Amendment immunity or absolute judicial immunity. Further, even if his claims were not barred, which they are, Plaintiff has failed to state any viable claims against the State Defendants.

At the outset, the undersigned finds that claims for monetary relief against state employees in their official capacities are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). Absent an

express waiver, a state is immune from damage suits under the Eleventh Amendment. P.*R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against a defendant in his official capacity would, in reality, be a way of pleading the action against the entity of which a defendant is an agent. *Monell v. Department of Soc. Services*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Here, the state Defendants are state officials or employees. (Doc. 1, at 13-14). Thus, the claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment.

Furthermore, the State Defendants are also immune from this suit. Government officials can be held individually liable in a federal civil rights action under 42 U.S.C. § 1983 if the official, acting under color of state law, caused a deprivation of a federal right.

9

*Kentucky v. Graham*, 473 U.S. 159 (1985). Judges, though, are generally immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). *See also Bright v. Gallia County*, 753 F.3d 639, 648-49 (6th Cir. 2014); *Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017). The absolute immunity afforded to judges extends not only to claims for damages, but also to requests for injunctive and others forms of equitable relief. *Mireles*, 502 U.S. at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages").

This far-reaching protection was adopted "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal citation and quotation marks omitted); *see also Barnes*, 105 F.3d at 1115 (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)) ("The doctrine of judicial immunity is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.' ").

It is clear from the face of Plaintiff's complaint that any complained-of actions on the part of the State Defendants fit within their capacities as judges and were therefore judicial in nature. *See Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)) ("The application of judicial immunity is simple and noncontroversial when applied to 'paradigmatic judicial acts,' or acts of actual adjudication, *i.e.*, acts involved in resolving disputes between parties who have invoked the jurisdiction of the court."). Accordingly, the State Defendants are also entitled to absolute judicial immunity from plaintiff's claims.

Furthermore, assuming arguendo, even if the State Defendants were not entitled to immunity (which they are), Plaintiff's complaint otherwise fails to state a claim for relief under federal law against any of the State Defendants. Namely, in order to state a 1983 claim, the Plaintiff "must allege that 1) he was deprived of a right, privilege or immunity secured by the federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law." *McGuire v. Lewis*, No. 1:12-CV-986, 2014 WL 1276168, at *3 (S.D. Ohio Mar. 27, 2014)) (citing *Flagg Bros., Inc. v. Brooks, 436* U.S. 149, 155–57 (1978)). Plaintiff's complaint fails to allege that he was deprived of any right secured by the Constitution. Notably, Plaintiff appears to allege that Defendants violated his constitutional rights by not ruling in his favor in the underlying actions involving access to public records. Such allegations do not constitute a cognizable deprivation of a federal right.

The State Defendants also move to dismiss any claims Plaintiff brings against them under state law. Plaintiff has not alleged facts which support a claim for relief against the State Defendants under a state law theory of liability. Furthermore, in light of the recommended dismissal of all of Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over any state-law claims that remain against Defendants. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the State Defendants motion to dismiss is well-taken.

2. *Hamilton County Defendants (Doc. 20)*

Defendants Robert Ruehlman, now retired Hamilton County Common Pleas Court Judge and Christian Jenkins, current Hamilton County Common Pleas Court Judge ("Hamilton County Defendants") also move to dismiss Plaintiff's claims against them

11

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Doc. 20). Like the State Defendants, the Hamilton County Defendants argue that Plaintiff's claims against them should be dismissed because they are absolutely immune from suit for monetary damages or injunctive relief. They also assert that there is no case or controversy between Brown and the Hamilton County Judges supporting a claim for declaratory relief, and Brown fails to state a claim for which relief can be granted. Their motion is well-taken.

For the reasons stated above, Defendants Ruehlman and Jenkins are entitled to absolute judicial immunity. Namely, Plaintiff's claims against Defendants arise out of his underlying actions *Terry Brown v. City of Cincinnati Police Department, et al.*, Case No. A 1900301 and *Terry Brown v. Village of St. Bernard City*, Case No. A 2100407, wherein the Hamilton County Defendants presided. Defendants complained about actions were clearly judicial in nature and they acted with proper jurisdiction. See *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *King v. Love,* 766 F.2d 962, 966-67 (6th Cir.), cert. denied, 474 U.S. 971 (1985).

Additionally, to the extent Plaintiff seeks declaratory judgment against the Hamilton County Defendants, such claims also fail as a matter of law. In this regard, Defendants note that the amendment to § 1983 recognizes the possibility of declaratory relief against a judge, Article III of the Constitution mandates that such relief is only an option when a case or controversy exists. *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) (Pursuant to Article III, Section 2 of the Constitution, to be heard in federal court, a "controversy" must exist between litigants.). Here, no case or controversy exists, because the Hamilton County Defendants acted in their capacity as judges as detailed above.

12

As with the State Defendants, Plaintiff's complaint also otherwise fails to state a claim for relief under federal law against any of the Hamilton County Defendants. Namely, Plaintiff's complaint fails to allege that he was deprived of any right secured by the Constitution. Notably, Plaintiff appears to allege that Defendants violated his constitutional rights by not ruling in his favor in the underlying actions involving access to public records. Such allegations do not constitute a cognizable deprivation of a federal right.

The Hamilton County Defendants also move to dismiss any claims Plaintiff brings against them under state law. Similarly, Plaintiff has not alleged facts which support a claim for relief against the Hamilton County Defendants under a state law theory of liability. Furthermore, in light of the recommendation dismissal of all of Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over any state-law claims that remain against Defendants. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's claims against the Hamilton County Defendants are properly dismissed.

### 3. City and its Attorney Defendants (Doc.22)

Also before the Court is the Defendants City of Cincinnati (City), Mark Manning and David Laing (Attorney Defendants) motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. More specifically, these Defendants assert that Plaintiff's complaint: (1) does not meet the *Iqbal/Twombly* standard for pleading; (2) fails to state a proper claim against the City of Cincinnati, as a Municipality; (3) fails to state a proper claim against the Attorney Defendants; (4) any alleged action taken by the Defendants

13

prior to April 3, 2021 is time-barred; and (5) the City has sovereign immunity and the Attorney Defendants have qualified immunity. Defendants' contentions are well-taken.

At the outset, the undersigned finds that Plaintiff's complaint fails to state a claim for relief against the City. Notably, a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Monell*, 436 U.S. at 658. Only where the action of the municipality reflects a "deliberate" or "conscious" choice by a municipality, i.e., a "policy," can a city be liable for such a failure under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Here, Plaintiff's complaint does not allege that the City has engaged in any unconstitutional policy or custom that caused him harm.

Plaintiff's section 1983 claims against the Attorney Defendants are also properly dismissed for failure to state a claim upon which relief may be granted. As noted above, in order to state a viable 1983 claim, the Plaintiff "must allege that 1) he was deprived of a right, privilege or immunity secured by the federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law." See *McGuire, 2014 WL 1276168 at \*3*. Notably, Plaintiff's complaint fails to include any specific actions on the part of the Attorney Defendants that violated his constitutional rights. *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under [42 U.S.C.] § 1983 can be held liable based only on their own unconstitutional behavior."). [2]

---

[2] Defendants further argue that any alleged action taken by the Defendants prior to April 3, 2021 is time-barred; The appropriate statute of limitations for 42 U.S.C. §1983 civil rights and constitutional actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Regarding the City and the Individual Defendants, Plaintiff's allegations fail to include any specific dates of when the allegedly unconstitutional actions occurred. However, Plaintiff lists cases number for court actions dating back to 2014.

14

The Attorney Defendants further argue that they are entitled to qualified immunity. The undersigned agrees. When government officials are performing discretionary functions, their actions are generally shielded from civil liability as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender*, 132 Sup. T. 1235, 1244 (2012), quoting *Malley v. Briggs*, 475 U.S. 335, 341,(1986)) (emphasis added). As described above, Plaintiff failed to allege any unconstitutional behavior on the part of the Attorney Defendants. Similarly, the City is also entitled to immunity because Ohio Law grants political subdivisions and employees of political subdivisions general immunity in civil actions. *See* O.R.C Code §2744.02.

Additionally, to the extent Plaintiff's complaint alleges state law claims against these Defendants, Plaintiff has not alleged facts which support a claim for relief against the City or Attorney Defendants under a state law theory of liability. Furthermore, in light of the recommendation of dismissal of all of Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over any state-law claims that remain against Defendants. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's claims against the City and Attorney Defendants are properly dismissed.

### 4. Defendants Melissa A. Powers and Joseph T. Deters

Defendants Hamilton County Prosecuting Attorney Melissa A. Powers, and Former Hamilton County Prosecuting Attorney Joseph T. Deters filed an Answer to Plaintiff's

complaint and have not yet moved to dismiss Plaintiff's claims against them. In any event, the undersigned finds that Plaintiff's claims against Defendants Hamilton County Prosecuting Attorney Melissa A. Powers and Former Hamilton County Prosecuting Attorney Joseph T. Deters should be *sua sponte* dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Pursuant to *Apple v. Glenn,* 185 F.3d 477 (6th Cir.1999), a district court has authority to *sua sponte* dismiss a non-prisoner pro se complaint for lack of jurisdiction "at any time" in cases when the Court's review reveals the allegations of a complaint to be "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion." *Id.* at 479. *See also Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction, but ultimately finding the plaintiffs' claims raised under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) formally alleged a deprivation of constitutional rights and thus were not unsubstantial or wholly frivolous); *In re Bendectin Litig.,* 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims, but then allowing an arguably plausible claim to proceed). *Tingler'*s requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to Hagans. *See Tingler*, 716 F.2d at 1111.

Here, with respect to Defendant Deters, the Complaint appears to allege that Plaintiff issued a subpoena to Joseph Deters in case A1900301, but Deters did not testify. (Doc. 1 at ¶42). Instead, McKinley Brown, an Investigator with the Hamilton County Prosecutor's office, filed an affidavit in case A1900301. Plaintiff further alleges that Deters

16

was later appointed to the Supreme Court and that such appointment "plays a part in the continued political move for Deters and how Defendants/parties mentioned within have worked so hard to deprive/discriminate and punish … Plaintiff…." (Doc. 1 at ¶ 51). Other than being named in the caption, Plaintiff's complaint does not contain any additional allegations against Defendant Powers.

In light of the foregoing, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. The complaint provides no factual content or context from which the Court may reasonably infer that the Defendants Deters and Powers violated Plaintiff's rights under federal law. Additionally, assuming arguendo, that Plaintiff did state a claim for relief, Defendants Deters and Powers are also entitled to prosecutorial absolute and/or qualified immunity for the same reasons stated above.

### IV. CONCLUSION

In light of the foregoing, IT IS RECOMMENDED THAT Defendants' motions to dismiss Plaintiff's complaint (Docs. 12, 20, 22) be GRANTED, and Defendants Pierre Bergeron, Beth Myers, Maureen O'Connor, Marilyn Zayas, Christian Jenkins, Robert Ruehlman, David A. Laing, Mark Manning and the City of Cincinnati, be DISMISSED from this action. IT IS FURTHER RECOMMENDED THAT Defendant Joseph Deters and Melissa Powers be *sua sponte* dismissed as outlined above, and this matter be TERMINATED from the docket of this Court.

<u>s/Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TERRY BROWN,

    Plaintiff,

vs

STATE OF OHIO, et al.,

    Defendants.

Case No. 1:23-cv-183

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).