IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Terry Brown, | : | Case No. 1:23-cv-183 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | Order Adopting Report and Recommendation |
| Maureen O'Connor, et al., | : | |
| Defendants. | : | |

This matter is before the Court on the Report and Recommendation ("R&R") (Doc. 40) entered by Magistrate Judge Stephanie Bowman. Plaintiff Terry Brown brought this 42 U.S.C. § 1983 action against former Chief Justice of the Ohio Supreme Court Maureen O'Connor; First District Court of Appeals of Ohio Judges Marilyn Zayas, Judge Beth Myers, and Judge Pierre Bergeron; retired Hamilton County Common Pleas Court Judge Robert Ruehlman; Hamilton County Common Pleas Court Judge Christian Jenkins; former Hamilton County Prosecuting Attorney Joseph Deters; Hamilton County Prosecuting Attorney Melissa Powers[1]; City of Cincinnati Attorneys Mark Manning and David Laing; and the City of Cincinnati. (Doc. 1.)

I.   BACKGROUND

Plaintiff filed this action on April 3, 2023. (Doc. 1.) The Complaint is "rambling, vague and sometimes incomprehensible." (Doc. 40 at PageID 533.) The Magistrate Judge set forth the following relevant allegations from Plaintiff's Complaint. (Doc. 40 at PageID 533–537; Doc. 1 at PageID 4–6.)

Plaintiff Terry Brown is an African-American man and resident of the State of Ohio and

---

[1] As the Magistrate Judge noted, the caption of the Complaint indicated that Hamilton County may be a defendant along with Deters and Powers, but no specific allegations were alleged against the County in the body of the Complaint. (Doc. 40 at PageID 534 n.1.)

Hamilton County. (Doc. 1 at PageID 4.) Defendant State of Ohio/The Supreme Court of Ohio/Chief Justice Maureen O'Connor is/was the duly elected Chief Justice of the Ohio Supreme Court within a state division of government, governed by the laws of the State of Ohio and U.S. Constitution. (*Id*.) Defendants Marilyn Zayas, Beth Myers, and Pierre Bergeron are, at the relevant times, duly elected judges on the Hamilton County, Ohio Court of Appeals, First District and are governed by the laws of the State of Ohio and U.S. Constitution. (*Id.*) Defendants Robert Ruehlman and Christian Jenkins are, at the relevant times, duly elected judges on the Hamilton County, Ohio Court of Common Pleas and governed by the laws of the State of Ohio and U.S. Constitution. (*Id*. at PageID 5.) Defendants Mark Manning and David Laing are employed as attorneys for the City of Cincinnati and governed by the laws of the State of Ohio and U.S. Constitution. (*Id*.) Defendants Joseph Deters, former Hamilton County Prosecutor, and Melissa Powers, current Hamilton County Prosecutor, are employed by the Hamilton County Prosecutor's Office and Hamilton County, Ohio. (*Id.* at PageID 6.) It is alleged that they each exercise final policymaking, have authority to establish final conducts, discipline and decisions for all employees of Hamilton County, and are a "person" under 24 U.S.C. § 1983, acting under color of state law. (*Id*. at PageID 6.) Defendant City of Cincinnati is a governmental agency within a state division of government, governed by the laws of the State of Ohio and the U.S. (*Id*. at PageID 6.) The individual defendants are sued in their individual and official capacities. (*Id.* at PageID 4–6.)

As aptly set forth by the Magistrate Judge, Plaintiff "makes the general assertion that African Americans are treated differently in the Court system than 'white' high-ranking officials." (Doc. 40 at PageID 533.) Plaintiff asserts four constitutional claims under 42 U.S.C. § 1983 and two state law claims for negligent and/or intentional infliction of emotional distress.

2

He claims the Defendants violated his Constitutional rights by:

- Depriving/Discriminating/Violating Ohio Public Records Act Ohio Revised Code 149.43 to Avoid Plaintiff Terry Brown/The General Public Access To the Complaint/Affidavit and Arrest & Search Warrants suppose[d] to be filed/public records in Sate of Ohio v Terry Brown-B1602390.
- Depriving/Discriminating/Punishing/Violating Due Process Rights as a Pro Se litigant/United States Citizen for filing Court Proceedings preserving rights to the First Amendment of the U.S. Constitution: for simply demanding [Public Records] from Court Judges, City/County Government – City of Cincinnati and Hamilton County, Ohio, Hamilton County Prosecutor's Office Refused to Comply with Mandated State Laws/the Public Records Act R. C. 149.43/ Higher Courts Mandated/Superior Court Order filed (November 25, 2020) in Terry Brown v. City of Cincinnati & (BMV) -A1900301-Appeals Court Case#C2000031 linked to case A1900301, Terry Brown v. City/Village of St. Bernard-Case #A2100407, State of Ohio ex rel. Terry Brown v. Judges of the First District Court of Appeals-2022-0895 and [all] other cases linked to the originated case State of Ohio v. Terry Brown-B1602390 the deprivation/discriminating/illegal conduct continues from May 10, 2022 to the current date.
- Continuing/Depriving/Violating- Race Discrimination in Court Cases/Proceedings that involves Plaintiff Terry Brown-State of Ohio v. Terry Brown-B1602390, former Hamilton County Common Pleas Court Judge Tracie Hunter (State of Ohio v. Tracie Hunter- Case #B14001100) and former City of Cincinnati Council Member Wendell Young (State of Ohio v Wendell Young-Case #B2101142) to the current date.

(Doc. 1 at PageID 3 (emphases removed).)  The Magistrate Judge also extensively summarized the history of Plaintiff's interactions with the Defendants in his state court cases and his disagreement with their rulings and official conduct. (Doc. 40 at PageID 535–537.)

As to his specific claims, Plaintiff asserts the following: (1) "42 U.S.C. § 1983: Violation of Free Speech/Expression Rights To File Request for Public Records-First and Fourteenth Amendments"; (2) "42 U.S.C. § 1983: Violation of the Right to Due Process of Law in Court Proceedings (Fifth and Fourteenth Amendments)"; (3) "42 U.S.C. § 1983: Violation The [*sic*] Right To Freedom From Discrimination based on race (Fourteenth Amendment)"; (4) "42 U.S.C. § 1983: Ratification – Fourth and Fourteenth Amendments"; (5) "State Law Claim: Negligent and Intentional Infliction of Emotional Distress"; (6) Punitive Damages: Individual/Personal Capacity."  (Doc. 1 at PageID 26–31.)  Plaintiff seeks declaratory judgment, compensatory

3

damages, punitive damages, attorneys' fees, and any other relief. (*Id*. at PageID 32.)

Defendants O'Connor, Zayas, Myers, and Bergeron (the "State Judge Defendants") moved to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). (Doc. 12.) The State Judge Defendants argue that Plaintiff's claims are barred by Eleventh Amendment immunity or absolute judicial immunity, and, even if not barred, his Complaint fails to state any viable claims. Defendants Ruehlman and Jenkins (the "County Judge Defendants") moved to dismiss on the basis of judicial immunity, lack of case or controversy, and failure to state a claim. (Doc. 20.) Finally, Defendants Manning, Laing, and the City of Cincinnati (the "City Defendants") moved to dismiss pursuant to Rule 12(b)(6). (Doc. 22.) They argue Plaintiff failed to state a claim for relief and that the Manning and Laing are entitled to qualified immunity and the City of Cincinnati to sovereign immunity. Plaintiff responded in opposition, and Defendants filed replies.[2] (Docs. 27, 28, 30, 31, 32, 33, 36, 37.)

On February 21, 2024, the Magistrate Judge recommended that Defendants' Motions to dismiss (Docs. 12, 20, 22) be granted and the moving Defendants be dismissed from the action. (Doc. 40 at PageID 548.) The Court also recommended that Deters and Powers be *sua sponte* dismissed and the matter be terminated from the docket of this Court. (*Id*.)

On March 4, 2024, Plaintiff filed Objections to the R&R. (Doc. 43.) Defendants filed responses in opposition to Plaintiff's objections urging the Court to adopt the Magistrate Judge's R&R. (Docs. 44, 45, 46, 48.) Plaintiff also filed a Reply.[3] (Doc. 36.) For the reasons that

---

[2] Hamilton County Prosecutors Deters and Powers (the "City Prosecutor Defendants") did not file a motion to dismiss. (Doc. 40 at PageID 548.)

[3] Rule 72(b) does not authorize a reply brief to be filed in support of a party's objections. S.D. Ohio Local Rule 7.2(a)(2) provides that a party must obtain leave of court and show good cause prior to filing additional memoranda. Even if considered, Plaintiff's Reply does not change the Court's conclusions.

follow, the Court will **ADOPT** the R&R.

## II. STANDARD OF LAW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).[4] "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

"A party's objection should be specific, identify the issues of contention, and 'be clear enough to enable the district court to discern those issues that are dispositive and contentious.'" *Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-05086, 2022 WL 16734656, at *2 (S.D. Ohio Nov. 7, 2022) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). The objecting party has the burden to "pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (citing *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (quotation marks and citation omitted)). "When a pleader fails to raise specific issues, the district court will consider this to be 'a general objection to the entirety of the magistrate report[, which] has the same effects as would a failure to object.'" *Id*. (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

---

[4] "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). Additionally, *de novo* review applies only to matters involving disputed facts. *Id.*

### III. ANALYSIS

#### A. Failure to Assert Specific Objections

As an initial matter, Plaintiff failed to assert specific objections to the Magistrate Judge's R&R, which constitutes a general objection and has the same effect as a failure to object. In his filing, Plaintiff disagrees with the Magistrate Judge characterizing his Complaint as rambling, vague, and incomprehensible. (Doc. 43 at PageID 554–555.) Plaintiff extrapolates that he should have been permitted to file a more definite statement if that Magistrate Judge believed his Complaint to be difficult to understand, and he also disagrees with the Magistrate Judge denying a separate motion to clarify her R&R. (*Id*.) Plaintiff also generally attempted to reassert his initial claims and rely on his prior pleadings.

None of these "objections" is specific enough to identify with particularity an issue with the Magistrate Judge's legal analysis. The Magistrate Judge did a thorough job giving meaning to Plaintiff's lengthy and difficult to understand Complaint while demonstrating clear knowledge and application of the relevant law. The Magistrate Judge relied on accurate, well-settled law and correctly concluded that all three motions to dismiss are well-taken and that *sua sponte* dismissal of the claims against Deters and Powers is warranted.

#### B. *De Novo* Review

Nonetheless, even if the Court conducts a *de novo* review of the Magistrate Judge's R&R, the Court agrees with the Magistrate Judge's recommendations.

#### 1. State Judge Defendants O'Connor, Zayas, Myers, and Bergeron

As to the State Judge Defendants O'Connor, Zayas, Myers, and Bergeron, the Magistrate Judge correctly concluded that their Motion to Dismiss (Doc. 12) is well taken on multiple grounds. First, she found Plaintiff's claims for monetary relief against the State Judge

Defendants as state employees in their official capacities is barred by the Eleventh Amendment to the United States Constitution.  *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018); *see Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985) (acknowledging Ohio has not waived its Eleventh Amendment immunity from suit in the federal courts).  The undersigned agrees that Eleventh Amendment immunity bars Plaintiff's suit here.

Further, the Magistrate Judge also correctly found that the State Judge Defendants are immune from this suit, as it is clear from the face of Plaintiff's Complaint that the complained-of conduct fits within their capacities as judges and the conduct judicial in nature.  *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).  As here, the judicial immunity inquiry is typically "simple and non-controversial when applied to 'paradigmatic judicial acts.'"  *Barrett*, 130 F.3d at 255 (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).  Thus, the State Judge Defendants are entitled to absolute judicial immunity.

Alternately, the Magistrate Judge found that Plaintiff's Complaint failed to state a claim for relief under federal law against any of the State Judge Defendants as Plaintiff appears to allege that they violated his constitutional rights by not ruling in his favor in underlying actions involving access to public records.  She concluded that Plaintiff has not alleged facts supporting a claim for relief under a state law theory of liability, and the Court should decline supplementary jurisdiction over those state claims.  *See* 28 U.S.C. § 1367(c)(3).  The Undersigned agrees.

### 2.  County Judge Defendants Ruehlman and Jenkins

As to the County Judge Defendants Ruehlman and Jenkins, the Magistrate Judge recommended that their Motion to Dismiss (Doc. 20) be granted.  She correctly found that the County Judge Defendants are entitled to absolute judicial immunity, as the conduct Plaintiff

complains of is clearly judicial in nature and the County Judge Defendants acted with proper jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978); *King v. Love*, 766 F.2d 962, 966–967 (6th Cir. (1985), *cert. denied*, 474 U.S. 971 (1985). In addition, the claims against the County Judge Defendants are properly dismissed for want of case or controversy as Plaintiff's claims arise from their acting in their official capacity as judges. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (discussing the case-or-controversy requirement for standing to sue in federal court). Finally, Plaintiff failed to state a claim against the County Judge Defendants as the Complaint fails to allege that Plaintiff was deprived of any right secured by the Constitution. The Court also agrees that Plaintiff has not alleged facts to support a state law theory of liability, and the Court should decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

### 3. Defendants Manning, Laing, and City of Cincinnati

As to Defendants Manning, Laing, and the City of Cincinnati, the Magistrate Judge appropriately recommended granting their Motion to Dismiss (Doc. 22.) The Magistrate Judge properly concluded that the Complaint fails to state a claim for relief against the City of Cincinnati, for which liability only attaches under 42 U.S.C. § 1983 where the municipality causes the constitutional violation at issue. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691–693 (1978). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Plaintiff's Complaint fails to allege any such unconstitutional policy or custom to establish municipal liability on the part of the City of Cincinnati.

The § 1983 claims against Manning and Laing fail to allege a cognizable claim for relief, as the Complaint fails to include any specific actions by Manning and Laing to demonstrate a violation of Plaintiff's constitutional rights. *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.") The Undersigned also agrees with the Magistrate Judge's conclusion that Manning and Laing are entitled to qualified immunity because Plaintiff failed to allege any unconstitutional behavior by them. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *see also* O.R.C. § 2744.02 (political subdivision not liable for damages unless an exception applies). Lastly, the Court agrees that the Complaint fails to state a state law claim for relief, but in any event, it should decline to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(3). The Undersigned agrees.

**4. Defendants Deters and Powers**

Defendants Deters and Powers filed an Answer but unlike the other Defendants, did not move to dismiss. The Court agrees with the Magistrate Judge's *sua sponte* recommendation to dismiss the claims against Deters and Powers. A district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

As the Magistrate Judge described, the Complaint appears to allege that Plaintiff issued a subpoena to Deters in a case, but he did not testify. (Doc. 1 at PageID 21.) Instead, an

9

investigator with the Hamilton County Prosecutor's office filed an affidavit. Plaintiff also alleges that Deters was appointed to the Supreme Court of Ohio and his appointment "plays a part in the [continued] political move for Deters and how Defendants/parties mention within worked so hard to deprive/discriminate and Punished against Plaintiff for their [own] personal gain…." (Doc. 1 at PageID 26.) As to Powers, although she was named as a Defendant, there are no substantive allegations against her.

The Undersigned agrees with the Magistrate Judge's recommendation that the claims against Deters and Powers be dismissed. There is no factual content or context from which the Court may infer that Deters and/or Powers violated Plaintiff's federal rights.[5]

### IV.    CONCLUSION

In conclusion, the Magistrate Judge's R&R (Doc. 40) is **ADOPTED.** Defendants' Motions to Dismiss Plaintiff's Complaint (Docs. 12, 20, 22) are **GRANTED**, and Defendants Bergeron, Myers, O'Connor, Zayas, Jenkins, Ruehlman, Laing, Manning, and City of Cincinnati are dismissed from this action. The Claims against Defendants Deters and Powers are dismissed *sua sponte*. This action is, therefore, **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[5] Even if Plaintiff did so state a claim, Deters and Powers would be entitled to prosecutorial absolute and/or qualified immunity for the same reason.